Nettie Meyer et al., Appellants, v. Kenmore-Granville Hotel Company et al. Samuel J. T. Straus et al., Appellees.

Gen. No. 41,220.

Opinion filed January 20, 1941.   Rehearing denied February 5, 1941.

SHULMAN, SHULMAN & ABRAMS, of Chicago, for appellants; MEYER ABRAMS, of counsel.

GOTTLEIB & SCHWARTZ and SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, both of Chicago, for appellees; HARRY E. SMOOT and HERBERT L. STERN, Jr., both of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiffs own 19 bonds of issues amounting to $1,000,000 each, secured by trust deeds conveying the Sovereign Hotel and the "Annex" to it. Default was made. On May 8, 1925, the trustees took possession and operated the hotels as a unit until August 14, 1934, when a tax receiver was appointed for both premises.

February 4, 1935, the debtors filed a petition in the United States District Court under § 77B of the amended Bankruptcy Act (11 U. S. C. A., § 207) for reorganization. February 8, this suit for an accounting against the trustees and others was filed. Plaintiff, Nettie Meyer, on February 25, 1935, filed a petition in the United States District Court to dismiss the proceedings because of bad faith and want of jurisdiction. The court reserved ruling until after the plan of reorganization should be submitted but directed notice of proceedings to be given to her counsel. When the plan was filed plaintiffs filed objections and submitted modifications. Nettie Meyer (not wishing to waive her claim of bad faith) did not join in the proposed modifications. The plan as modified was approved May 20, 1935. Nettie Meyer appealed from the order denying her motion to dismiss and also from the order approving the plan as modified. Her appeals were dismissed by the United States Circuit Court of Appeals. Certiorari was allowed by the Supreme Court of the United States. Upon review the court held the appeals were properly dismissed because such appeals were only by leave, which she had not obtained. (*Meyer v. Kenmore Granville Hotel Co.*, 297 U. S. 160.)

November 23, 1936, the United States District Court entered an order directing the release of the two trust deed indentures and authorizing a new mortgage of $150,000, and dismissed the petition of Nettie Meyer.

December 4, 1936, plaintiffs filed their petition to vacate the order of November 23, setting up that it was entered in the absence of counsel and that the trustees (defendants here) had not been required to

account for their management of the premises while in possession. Answers were filed and the petition sent to a referee, who reported recommending that the prayer of the petition be denied. Exceptions were filed by plaintiffs which were overruled by the court and the report approved February 25, 1937.

Plaintiffs undertook to secure a review of this order without leave and for this reason the appeal from the order was dismissed. (*In re Kenmore-Granville Hotel Co.*, 92 F. (2d) 778; *Meyer v. Kenmore-Granville Hotel Co., Id.*) The court of appeals said "appellants" could not reopen the issues concerning which their appeals was dismissed, citing *In Re Trust Co. No. 2988 of Foreman Trust & Savings Bank*, 85 F. (2d) 942. The opinion states:

"The report of the referee indicates a very careful consideration of the oral testimony, stipulation of facts, briefs and argument of counsel. On the basis of this study he concluded that the parties had adequate notice of the hearing of November 23, and opportunity to object at that time if they so desired. He also found that the issues sought to be raised by the petition of December 4, were substantially identical with those sought to be raised by appellant Meyer in her petition of February 25, 1935, the prayer of which was denied on March 20, 1935. They are also similar to those raised by the objections filed by the other appellants to certain claims against the debtor and to the plan of reorganization, which objections were overruled by the court May 20, 1935. The referee therefore states, 'Both . . Meyer . . . and her co-petitioners . . . had ample opportunity . . . to raise each and every issue which is now sought to be raised in the petition now pending as filed by said petitioners. The petition now pending is merely an attempt, in a roundabout, subsequent, and extraordinary manner, to obtain a review of matters heretofore presented to and determined by a Judge of this Court, without pursuing the usual method

of writs of appeal and certiorari to upper courts from the actual orders and proceedings of which complaint is made.' ''

Plaintiffs in the original suit in the State court set up the same matters which were considered upon this reference in the United States court, and upon the conclusion of the litigation in the federal courts defendants set up in the State court the federal judgment as *res adjudicata* of the issues. The issues and the parties were identical and having been once determined by a court of competent jurisdiction it would seem the maxim that there must be an end to litigation should be applied. *Stoll v. Gottlieb,* 305 U. S. 165. We are disposed to hold that plaintiffs are precluded. However, we have given consideration to the appeal on its merits.

Plaintiffs allege the trustees while in possession of the property deposited the income from the premises with S. W. Straus & Company. These bonds were what were known as ''Straus bonds.'' The trustees and most of the bondholders' committee were interested in S. W. Straus & Company. It is urged the trustees ought not to have used S. W. Straus & Company as a depositary. The bonds and coupons were payable at the office of S. W. Straus & Company. There was nothing in the trust deed to prevent the trustees from so depositing the funds, although in view of the entire situation rules applicable to fiduciaries generally would apply. *Pepper v. Litton,* 308 U. S. 295, 60 Sup. Ct. 238, cited, is not applicable.

The complaint charged the trustees acted wrongfully in that S. W. Straus & Company were allowed to reimburse themselves out of funds deposited with them on account of moneys which it advanced from its own funds in order to meet the payments of coupons and principals at maturity. Defendants insist that there is no proof this was done. Plaintiffs insist it is admitted by the pleadings (also proved) and that it is

contrary to law. *Coffey v. Lawman,* 99 F. (2d) 245. That case holds such a payment by a volunteer is not a purchase of the bond or coupon paid and that its effect is to subordinate the bonds and coupons thus paid to the rest of the issue. This case is, however, distinguishable from that and similar cases cited by plaintiffs to this point, in that here the trust deed gave specific authority to do this. Moreover, the record shows that notwithstanding this provision in the trust deed, S. W. Straus & Company voluntarily subordinated almost $400,000 par value of bonds and coupons which it had paid in reliance upon this provision of the trust deed. We search this record in vain for evidence from which it can be inferred that these plaintiffs have been injured in any way on account of this. We say this not unaware of the dangers inherent in this practice.

Plaintiffs further seek to have the trustees held liable on the ground of gross negligence and fraud. First, it is said, they permitted a second mortgage on these premises to be foreclosed and title to be obtained through a master's deed by one of the officials of S. W. Straus & Company. The holders of the first mortgage were not made parties. In what respect plaintiffs were injured or their securities depreciated by this foreclosure the record does not disclose and we are unable to see.

Secondly, plaintiffs present in the State as in the federal court the novel contention that the payment of interest from 1925 to 1931 by the trustees without disclosing default of the mortgagors to the holders of the bonds was fraudulent and thereby plaintiffs lost 90 per cent of their investments, for which defendants are liable. The interest was paid pursuant to the provisions of the trust deed, the purpose of which was to prevent a default in the bonds which would seriously impair their market value. The evidence is devoid of any proof tending to show that the loss which plaintiffs

have sustained was in any way the result of these payments. The theory that the payment of a part of a given security may cause the loss of the rest of it is unusual and novel. Of course, if these payments had not been made and the issue allowed to go into default a foreclosure might have resulted. In that case plaintiffs might have appropriated the property to the payment of their debt. The depreciation in, the value of such properties during the period of time from 1925 to 1931 is too well known to need comment or discussion. The books are full of cases showing that important fact to the sorrow of many investors.

The holders of this comparatively small amount of these securities by much litigation have given to their bonds an unusual nuisance value. The federal courts have decided their charges against these trustees to be without merit and a careful consideration of the record leads us to the same conclusion. The judgment will be affirmed.

*Judgment affirmed.*

O'Connor, P. J., and McSurely, J., concur.