James H. Burr, Plaintiff-Appellant, v. State Bank of St. Charles, Defendant-Appellee.

Gen. No. 10,484.

Opinion filed July 12, 1951. Rehearing October 4, 1951. Released for publication October 4, 1951.

C. SIDNEY VAN DUZER, of Rockford, for appellant.

HEMPSTEAD & GREEN, of St. Charles, and NEWHALL & GIVLER, of Aurora, for appellee; D. A. GREEN, of Rockford, and DAVID B. GIVLER, of Aurora, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

The original complaint in this cause was filed June 23, 1941. Subsequently, a second amended complaint containing two counts was filed November 10, 1949. Count I is an equity count for a discovery and an accounting, and count II is at law for damages. Count I alleged that appellant owned a farm and the appellee became the owner of certain indebtedness secured by two mortgages on it and that as further security for said indebtedness appellant gave appellee a quit claim deed for the farm; that thereafter appellee filed a forcible entry and detainer proceeding against appellant and procured a judgment of possession from which judgment appellant appealed, and the bond became a supersedeas; that this judgment in the forcible entry and detainer case awarding possession of

the premises to appellee was reversed by the Appellate Court which held that the deed was merely a mortgage. (*State Bank of St. Charles v. Burr*, 283 Ill. App. 337.)

Count I of the second amended complaint then alleged that appellee thereupon filed its foreclosure proceeding in the circuit court and appellant filed a counterclaim resulting in a judgment against appellee for damages for trespass; that thereafter appellee obtained a decree of foreclosure on October 22, 1936, from which decree appellant prosecuted an appeal to the Appellate Court, and the appeal became a supersedeas by filing a bond on December 3, 1936; that thereafter the judgment and decree were affirmed and rehearing was denied May 6, 1938 (*State Bank of St. Charles v. Burr*, 295 Ill. App. 15); that thereafter the Supreme Court in *State Bank of St. Charles v. Burr*, 372 Ill. 114, held that from December 3, 1936, the date the bond was filed, to May 6, 1938, the circuit court was without jurisdiction or power to proceed with the enforcement of the decree.

Count I of said second amended complaint further alleged that appellee, through its attorneys, wilfully, wantonly and maliciously violated the supersedeas and caused the master in chancery to sell the property described in the decree of foreclosure over the objections of appellant on January 8, 1937; that on January 29, 1937, appellee presented and procured the approval by the court of the report of sale and for distribution; that on April 22, 1938, the master in chancery executed a deed to the property to the purchaser, which was recorded June 9, 1938; that on April 29, 1938, the receiver was discharged and his final report and account approved, and that said report recited that possession of the property had been turned over to appellee.

The count I of said second amended complaint then alleged that appellee prior to April 29, 1938,

without the knowledge or consent of plaintiff and in disregard of the supersedeas, with force and arms, wilfully, wantonly and maliciously took possession of the premises and wrongfully held possession until January 15, 1940, when a receiver was again appointed; that appellee procured a writ of assistance for part of the dwelling occupied by the appellant, and appellant vacated the dwelling in February, 1939, and appellee remained in possession of all the premises until January 15, 1940; that on November 14, 1938, appellant filed a petition asking the court to set aside the master's report of sale and distribution and to cancel the master's certificate and deed; that the prayer of said petition was denied on December 17, 1938; that this order was, on October 10, 1939, reversed in *State Bank of St. Charles v. Burr,* 372 Ill. 114, the court holding that the master had no power to proceed to sell the land; that upon the remandment of the case, the circuit court, on November 20, 1939, set aside the sale, the order approving the master's report of sale, the certificate and the deed issued in pursuance thereof, and the master was directed to advertise and sell the property pursuant to the decree of October 22, 1936. Said count I then alleged that appellee failed to account for the sums received from the premises from April 29, 1938, to November 20, 1939, nor was any credit given appellant on the original decree, nor did appellee account or offer to account for such sums prior to the resale of the premises December 15, 1939.

Count I of the second amended complaint then charged that the sale and deed were void; that the possession under the void deed was illegal and wrongful and a trespass on appellee's rights; that from April 29, 1938, to January 15, 1940, appellee converted appellant's property, planted and harvested the crops, and took various items produced on the farm, but

336

that appellant is the owner of the money and property into which the crops and the produce were converted.

Said count I then alleged that there was no adequate remedy at law because the accounts were involved and complicated and the amount, value and disposition of the crops were unknown to appellant but known to appellee and that appellant needed an accounting in order to prepare for trial in the action at law under count II. The relief prayed was that appellee be required to account to appellant for all the property, crops, and produce taken from or produced on appellant's land from April 29, 1938, to January 15, 1940, and for the money or property into which said crops were converted, and that appellee be required to answer some fifty interrogatories.

Count II of said second amended complaint realleges all the allegations of said count I and concludes that by reason of appellant's ownership of the land, that all the crops and produce became the property of appellant and that by reason of the conversions by appellee, as set forth in said count I, appellant became the owner of the money and property into which the crops and produce were converted, all to the damage of appellant in the sum of $50,000, and that by reason of the wilful, wanton and malicious conduct of appellee, appellant is entitled to exemplary punitive damages in the sum of $150,000.

Motions to dismiss each count were filed by appellee. As grounds for dismissing count I, appellee alleged that the court in chancery did not have jurisdiction of the subject matter and that the plaintiff had an adequate remedy at law. As to count II, the motion set up that count II did not state a cause of action; that it sets up only conclusions of the pleader and did not allege facts upon which the conclusions were based; that on its face, the complaint showed that all acts were done by appellee pursuant to orders of the circuit

court and that, therefore, appellant was not entitled to exemplary damages. The court sustained the motions to dismiss, and both counts were dismissed, and the plaintiff below prosecutes this appeal.

Appellant insists that even if his remedy at law was adequate he was entitled to a discovery and accounting in aid to his suit at law in order to be able to ascertain the value of the property converted and the dates of conversion. Appellee contends that the claim of appellant is solely for damages, and therefore his remedy at law is adequate.

 The ultimate relief sought by appellant is damages for the conversion of the crops and the produce of the farm involved in the foreclosure suit during the period of appellee's possession. To establish appellant's right to have the court exercise its equitable powers, his pleading must show that he has no adequate remedy at law and must allege some special or substantial ground of equity jurisdiction such as fraud, the need of discovery, the mutuality or complexity of accounts or the existence of a fiduciary relation. (*Allen v. Illinois Mineral Co.,* 299 Ill. App. 537.) Appellant, in order to secure an accounting under count I to establish his cause of action under count II, must allege facts that will authorize the court to take jurisdiction in equity. An accounting for rents and profits by parties alleged to be in wrongful possession will not give equity jurisdiction where such accounting can be had in a proper action at law. The facts alleged in count I do not show that appellant is entitled to the accounting sought. He can get such discovery as he needs by motion under Section 58 of the Civil Practice Act. (Ill. Rev. Stat. 1949, ch. 110, par. 182) [Jones Ill. Stats. Ann. 104.058]. The court did not err in sustaining appellee's motion and dismissing count I of the complaint.

338

■ The allegations of count II of the second amended complaint gave a full history of the litigation. The allegations with reference to the acts of appellee and its attorneys before the court in the foreclosure proceedings and in taking possession of the property described them as wilful, wanton and malicious and an abuse of process. These descriptions of appellee's acts are mere conclusions of the pleader and are not supported by the facts set out in the pleading and are therefore not admitted by the motions to dismiss. (*Stenwall v. Bergstrom,* 398 Ill. 377, 383.)

Appellant's case is based on the allegations of fact that appellee had possession of the property during the period from April 29, 1938, when the receiver who was originally appointed was discharged, to January 15, 1940, during which time, it is alleged, it was a trespasser and received the crops and other produce of the property and converted them to its own use and thereby made itself liable for their value. In addition to actual compensatory damages, appellant seeks to hold appellee also liable for exemplary punitive damages.

The basis of appellant's claim that appellee was a trespasser is the decision of the Supreme Court in 372 Ill. 114. The court held that the granting of a *supersedeas* in the appeal perfected in the Appellate Court case, reported in 295 Ill. App. 15, invalidated the master's sale, the order of court approving the master's report, the certificate and the deed to appellee under which it held possession during the period in question.

The master's deed was executed April 22, 1938, and possession of the property was turned over to appellee shortly before April 29, 1938. The court approved the report of the receiver showing possession was delivered to appellee on that date. This occurred after the opinion of the Appellate Court affirming the decree

below was filed March 31, 1938. The petition for rehearing, however, was not denied until May 6, 1938.

Appellant relies on *Lightcap v. Bradley,* 186 Ill. 510, for the proposition that the purchaser at a foreclosure sale who takes possession during the period of redemption is a trespasser. In that case, the mortgagee who purchased at the foreclosure sale and received a certificate of sale took possession about two months after the sale. The court held in ejectment suits filed against her tenants that in so doing she was a trespasser. On an appeal from a second trial, the court adhered to its former decision (*Bradley v. Lightcap,* 201 Ill. 511).

The Supreme Court of the United States in *Bradley v. Lightcap,* 195 U. S. 1, 49 L. Ed. 65, 24 Sup. Ct. 748 reversed the judgment in the latter case on other grounds but stated at page 18 that the possession of the mortgagee was that of a mortgagee in possession and that she could defend as against the owner of the equity of redemption any action except for an accounting of the rents and profits and to redeem.

Appellant also relies on *Harper v. Sallee,* 376 Ill. 540, for the proposition that the holder of a decree of foreclosure on which no sale has been had who takes possession of the mortgaged property is a trespasser. In that case the holder of a decree of foreclosure of a second mortgage on a two-thirds interest in the property redeemed from the foreclosure sale under the first mortgage and, claiming that he was owner, sought to get a deed to the property. The second mortgage contained no assignment of rents. The owner filed a counterclaim alleging that the decree holder was a trespasser, asking for possession, that the decree holder be compelled to account for rents during his possession and that he be ordered to surrender the land. The court held that the decree holder was not the owner and that when the decree holder took pos-

340

session after the lease of a tenant had expired, without the consent of the owner, he was in possession wrongfully and was a trespasser. It appeared in that case that the decree holder had no right to the rents and possession was not taken by him under any court orders.

Appellee insists that because it held possession under an invalid court order it was in fact a mortgagee in possession and as such is liable only to appellant for the amount of rents and profits less a credit for reasonable costs for necessary repairs and improvements and the amounts paid for taxes and insurance.

■ This court in *State Bank of St. Charles v. Burr,* 295 Ill. App. 15, held that appellee had a valid mortgage on the premises which was in default and a valid decree for foreclosure of the same had been entered, and it is the general rule that if a mortgagee takes possession of the premises under a foreclosure decree which is later declared invalid the mortgagee is considered a mortgagee in possession.

In *Harper v. Ely,* 70 Ill. 581, the court set aside a sale under a foreclosure proceeding under which the mortgagee was in possession of the foreclosed premises. The mortgagor Bradley insisted that the mortgagee, Haddock, and his grantees were trespassers, but the court said at page 583: ''We do not regard this position as tenable. When Bradley failed to pay the interest upon the debt due Haddock, secured by trust deed, Haddock, according to the terms of the contract between him and Bradley, declared the whole debt due, sold the premises and took possession. When the case was before this court before, the sale was held void, on the ground that Haddock was virtually the purchaser at his own sale, and that Ely, the grantee of Haddock at the time he purchased, had notice of facts sufficient to put a prudent man on inquiry, in regard to the fraudulent sale, and hence it followed that the sale

341

and subsequent conveyance to Ely should be set aside. This left Ely, who held the mortgage debt against Bradley, in possession of the mortgaged property. The question arises, what are his rights and relations in regard to the property. The complainants caused the sale to be set aside; that left the mortgage debt standing in full force, as if no sale had occurred. Bradley, the mortgagor, was in default in the payment of the mortgage debt. By the terms and conditions of his contract, the whole debt was due. Ely, the owner of the debt, was rightfully in possession as mortgagee for condition broken, and not as a trespasser. The fact that a fraudulent sale was made, does not give the mortgagor any greater rights than he otherwise would have, had no sale been made. The sale having been fraudulent and set aside, leaves the mortgagor in the same position as he was before the sale.''

The author of the text in 37 Am. Jur. 195 (sec. 794) says: ''When there is a default in the mortgage, and the mortgagee in apparent good faith makes a void foreclosure, and thereafter takes possession under color of the foreclosure proceedings, he will be treated as a mortgagee in possession although such possession is without the consent, express or implied, of the mortgagor. . . . In fact it has been asserted as a rule that the consent of the mortgagor is not necessary to establish the relation of mortgagee in possession, where possession is taken under an invalid foreclosure proceeding.''

 A mortgagee in possession is liable for the rents and profits received less a credit for reasonable costs and expenses, taxes and insurance for the period of time it was in its possession, unless it can be shown that more rent could have been realized by the exercise of reasonable diligence. (*Harper v. Ely,* 70 Ill. 581; *Pinneo v. Goodspeed,* 120 Ill. 524; *Blain v. Rivard,*

19 Ill. App. 477; see also note in 46 A. L. R. 138, at pages 143, 146.)

The allegations of fact in count II of the second amended complaint, stripped of conclusions not founded on the facts, state the appellee took possession of the mortgaged property from the receiver, which action, though invalid, was approved by the circuit court, and retained possession until the new receiver was appointed and took possession. The appellant also alleged that the appellee failed to account or offered to account for the sums it received from the premises from April 29, 1938, to November 20, 1939; that appellant was not given credit therefor on the original decree of October 22, 1936; and that appellee did not account or offer to account prior to the resale of the premises December 15, 1939.

Appellant's contention that appellee acted wrongfully and maliciously was before the court on the appeal of the foreclosure case. *State Bank of St. Charles v. Burr,* 295 Ill. App. 15. This court stated in its opinion with reference to the evidence based on similar pleadings, at pages 25, 26: "We have read the evidence as abstracted and agree with the trial court that as a matter of law, the testimony in this record instead of showing that appellee acted wrongfully or maliciously, disclosed that it proceeded in good faith, accepted a conveyance from appellants for the farm for what it purported to be and it does not follow that appellant Burr is entitled to recover vindictive or exemplary damages simply because appellee resorted to the courts to gain possession of that which appellant Burr had obligated himself to give. The evidence is also that the amount which appellee received from Walter, the tenant, represented the entire income from the farm. The jury awarded Burr $8,000 which was $3,710 more than appellee received. We are of the opinion that the verdict of the jury more than com-

pensated appellant Burr for being deprived of the use of this property during the period Walter was in possession thereof. We have examined the instructions complained of and those tendered by appellant and refused and have not overlooked counsel's contention that the trial court erred in refusing to allow witnesses called by appellants to give their opinions as to the value of the farm before and after the claimed trespass.''

It is alleged in the case at bar that the sale was held and the Master's deed was issued pursuant to orders of the circuit court. That court approved the master's report of sale and the receiver's account and report showing that he had delivered possession of the property to appellant. These allegations show that appellee's acts were taken pursuant to the orders of court and negative the conclusions that the acts were wilful, wanton and malicious.

 It is a question of law whether the facts stated in the pleadings in a particular case bring it within the rule in which exemplary punitive damages may be assessed. (*Eshelman v. Rawalt,* 298 Ill. 192, 198; *Hanson v. Rhodes-Burford Furniture Co.,* 227 Ill. App. 471.) The *supersedeas* did not affect the judgment which was affirmed but it merely stayed the proceedings pending the disposition of the appeal. It made the action of the appellee and the orders of the court invalid. In *Gumberts v. East Oak Street Hotel Co.,* 404 Ill. 386, 390, the court stated that proceedings in violation of a *supersedeas* may be vacated or set aside, attempted violations may be restrained and any action in defiance of the force and effect of a *supersedeas* is punishable as contempt of court. There is no authority for treating a violation of a *supersedeas* the basis of punitive exemplary damages, on the facts alleged in this case.

In cases where there has been a judgment and a sale under an execution pursuant to the judgment and where the enforcement of the judgment has been stayed by an appeal and *supersedeas,* any action in violation of the *supersedeas* is regarded as an irregularity and is not void. (*Oakes v. Williams,* 107 Ill. 154; *Shirk v. Metropolis and New Columbia Gravel Road Co.,* 110 Ill. 661.)

The acts of the appellee pursuant to the orders of court were invalid and subject to correction by the court. Upon remandment of the case, appellee, on its own motion, had the orders set aside and got an order for a new sale and the reinstatement of the receiver. All these acts negative the conclusions of wilful, wanton and malicious conduct on the part of the appellee. The ground set out in the motion to dismiss count II that it shows upon its face that all acts done by appellee were done pursuant to orders of the circuit court and because thereof appellant is not entitled to exemplary, punitive damages is sustained by the authorities, and the trial court could have stricken that prayer for relief as appellant is not entitled to such damages.

Although the complaint alleges appellee was a trespasser, it gives a complete history of the litigation and states facts that show appellee was a mortgagee in possession between April 29, 1938, and January 15, 1940. It also alleges that appellee failed to account or offer to account for sums it received from the premises during part of this period. Appellee admits appellant is entitled to the rents and profits it received as mortgagee in possession less proper deductions or a credit therefor. To this extent, count II of the second amended complaint states a cause of action against appellee, and while appellant's case is an action of trespass and the facts alleged do not warrant a recovery on that theory; the facts alleged

do establish a liability on appellee, as mortgagee in possession. Under Sections 33 (3) and 42 (2) of the Civil Practice Act (Ill. Rev. Stat. 1949, pars. 157 (3) and 166 (2)) [Jones Ill. Stats. Ann. 104.033, 104.042] which provide that pleadings are to be liberally construed and that pleadings are not to be regarded as bad in substance which shall contain such information as reasonably informs the opposite party of the nature of the claim he is called upon to meet, it is only necessary that the pleadings state a cause of action. (*Frasier v. Finlay,* 375 Ill. 78, 81; *Crosby v. Weil,* 382 Ill. 538, 548; *Stenwall v. Bergstrom,* 398 Ill. 377, 383.)

The trial court in our opinion erred in sustaining the motion to dismiss count II, since the allegations thereof do establish a cause of action which appellee should be required to answer.

The order of the trial court dismissing count I is affirmed. The order dismissing count II is reversed and the cause is remanded with directions to overrule the motion to dismiss count II and proceed not inconsistent with this opinion.

*Affirmed in part, reversed in part, and remanded with directions.*