Leah Palkey, a Widow, Appellant, v. Charlotte Donichy et al., Appellees.

**Gen. No. 47,321.**

First District, First Division.

June 9, 1958.

Rehearing denied September 8, 1958.

Released for publication September 18, 1958.

Alfred F. Beck, of Chicago, for plaintiff-appellant.

Fiedler and Amberg, of Chicago (George Fiedler, Thomas Amberg, and Daniel R. LaBar, of counsel), for defendants-appellees.

JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook County dismissing plaintiff's complaint to foreclose a first mortgage upon certain real estate located in Cook County. The order was entered on the motion of three of the defendants, owners of an equitable title to the said real estate. The motion was brought under section 48 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 48].

In order to understand the issues it is necessary to set forth the history of the case preceding the present litigation.

The premises in question, at 3019 Ruby street, Franklin Park, Illinois, were on December 1, 1926 owned by Alfred Frost and Anna Frost, his wife, in joint tenancy. On that date they executed and delivered the note and mortgage trust deed herein sought to be foreclosed, to secure the payment of a $2,000 indebtedness. The trust deed was recorded December 3, 1926 and the mortgage paper was purchased sometime in December, 1926 by J. William Everhart. Alfred Frost died in February, 1928. The mortgage indebtedness fell due on December 1, 1929 and was extended three additional years to December 1, 1932 by an unrecorded extension agreement. Interest on the indebtedness was paid by the Frosts until December 1, 1932. No subsequent payments were made either on the principal or interest. The plaintiff herein, Leah Palkey, together with her husband, was in possession of the premises as tenants. On July 16, 1935 Anna Frost entered the Danish Old People's Home and executed with the Home a written agreement to convey all her property wherever situated to the said Home in consideration of her keep during the remainder of her life. She died on April 6, 1938. No deed or conveyance of any kind, outside of the said agreement, was made by Anna Frost.

On June 25, 1938 the plaintiff Leah Palkey and her husband allegedly purchased the said mortgage indebtedness from J. William Everhart under a written agreement, at which time the Palkeys attorned to Everhart, and held the premises on his behalf until the written contract was satisfied on December 26, 1940, when Everhart delivered the mortgage paper to the Palkeys and assigned to them all his interest. The taxes and assessments on the said premises were unpaid from 1929 to 1946. In 1952 a tax foreclosure suit was filed, which proceeded regularly to foreclosure decree and order of sale, which occurred on December 30, 1952. Leah Palkey had the property purchased by her nominee Ray Franzen. On November 30, 1954, one of the defendants herein, John F. Rodgers, had a quitclaim deed to the said premises issued by the Danish Old People's Home to his nominees, the defendants Charlotte Donichy and Patricia Theriault. On December 20, 1954 Donichy and Theriault redeemed from the said tax foreclosure sale to Franzen. Franzen and Palkey filed their petitions to set aside the said redemption claiming that Palkey owned the premises under an unrecorded, lost deed from Anna Frost, and in the alternative by adverse possession. The Circuit Court set aside the said redemption on November 28, 1956 and dismissed the Palkey petition and directed that the county clerk issue a deed to Franzen. Donichy and Theriault appealed from said order to the Supreme Court (Franzen v. Donichy, 9 Ill.2d 382), and Palkey filed a cross-appeal. The Supreme Court in that case reversed the decree of the Circuit Court but sustained that portion of the decree which dismissed the intervening petition of Palkey. The Circuit Court, on receipt of the mandate, on December 17, 1956 entered a decree in accordance therewith. In that decree the Circuit Court found

and decreed that Palkey had failed to show that she ever acquired any interest in or to the real estate "by deed, adverse possession or otherwise." No appeal was ever taken from that decree.

In 1955 Donichy and Theriault commenced a forcible entry and detainer action against Palkey. After the decree was entered in the Franzen v. Donichy case above referred to, on February 6, 1957 in a summary judgment proceeding the Circuit Court entered judgment for possession in favor of Donichy and Theriault against Palkey.

On February 14, 1957 Palkey filed the instant suit in the Superior Court of Cook County to foreclose the mortgage. The complaint, among other things, asked for a restraining order against Donichy and Theriault. On March 4, 1957 the trial court denied the motion for a restraining order. The defendants Donichy, Theriault and Rodgers filed a motion under section 48 of the Practice Act to dismiss the complaint on March 18, 1957, and as grounds set up the statute of limitations and that the cause of action "is barred by prior judgments obtained by defendants against plaintiff in the Circuit Court of Cook County," setting out the tax foreclosure suit, Franzen v. Donichy, and the forcible detainer suit, Donichy and Theriault v. Palkey. With the motion an affidavit in support was filed. Leave was given to the plaintiff to file a counteraffidavit, which was filed May 20, 1957, and on May 28, 1957 the court entered an order dismissing the foreclosure suit with prejudice, from which order this appeal is taken.

The defendants herein rely on the defense of the statute of limitations. Section 11 of the Limitations Act (Ill. Rev. Stat. 1957, chap. 83, par. 11) by its terms bars action or sale to foreclose any mortgage or trust deed in the nature of a mortgage after ten years from the time when the right of action or right to

make such sale accrues. Section 11b terminates the lien of a trust deed and mortgage against real estate titles after the expiration of twenty years from the time the last payment became due upon its face unless the mortgagee preserved his lien within a specific period by filing for record an extension agreement. The effect of section 11b is that as against persons other than the original parties to the mortgage an unrecorded extension agreement has no validity.

■ In the case before us the original agreement was due on December 1, 1929 and was extended by an unrecorded extension agreement to December 1, 1932, and interest was paid by the original mortgagors until December 1, 1932. As between the original parties to the mortgage that extension was valid, and section 11 would bar any action being brought after December 1, 1942. Under section 11b the extension was not valid insofar as it affected the defendants herein. The mortgage lien, by virtue of section 11b, as between the parties to this suit, would expire on December 1, 1949.

■ It is also the law that the statute of limitations does not run against a mortgagee in possession. Miller v. Frederick's Brewing Co., 405 Ill. 591. In order to resolve the question as to whether the statute of limitations has run against the plaintiff in this action it is necessary to determine whether or not she was a mortgagee in possession, and the defendants argue that she is estopped from asserting that claim by the finding and judgment in the Circuit Court in the case of Franzen v. Donichy, supra, and by the summary judgment in the Circuit Court in favor of defendants and against plaintiff herein entered on February 6, 1957 in the forcible detainer suit brought for possession.

■■ We will first consider the effect of the finding and judgment entered in the forcible detainer action. Under the law of Illinois, after condition broken

a mortgagee is the owner of a legal estate and as such entitled as of right to the possession of the mortgaged premises, and if he takes possession can defend his right thereto against the mortgagor, his grantees or anyone claiming under him by any right. Tuttle v. Harris, 297 U. S. 225, 226; Wolkenstein v. Slonim, 355 Ill. 306, 309; Harper v. Ely, 70 Ill. 581, 585; Burr v. State Bank of St. Charles, 344 Ill. App. 332, 341; Peterson v. Lindskoog, 93 Ill. App. 276, 281; Altschuler v. Sandelman, 264 Ill. App. 106, 114. In Franzen v. Donichy, supra, the Supreme Court found that the defendants Donichy and Theriault had acquired an equitable title to the premises in question. At the time when the defendants filed their motion in the trial court to dismiss the complaint in the instant suit they filed an affidavit in support of their motion, which affidavit stated that at the time of the proceedings for summary judgment in the forcible detainer suit in the Circuit Court of Cook County in 1957 the defendant therein (the plaintiff in the instant suit) alleged in her motion that "the defendant [the plaintiff herein] is a mortgagee in possession, and the rights of all parties and their predecessors are subject to the mortgage indebtedness owned by the defendant." While it is true that title to real estate cannot be tried in forcible entry and detainer suits, nevertheless the conditions under which the defendant held possession might be controlling in determining whether or not the plaintiff was entitled to possession. Dillow v. Hileman, 300 Ill. App. 509; Moran v. Redder, 254 Ill. App. 595. In the case of Bakaitis v. Fink, 340 Ill. 440, the Supreme Court discussed a somewhat analogous situation. It was a suit brought for specific performance of an alleged agreement to convey real estate. The appellee filed a plea setting out that she had theretofore filed a forcible detainer complaint in the municipal court to secure possession of the prem-

ises; that there was a hearing in the case and the court entered a judgment therein finding that the appellant had at most under his option five years in which to exercise the same; that the option was not so exercised; that appellant was unlawfully withholding possession; and that appellee was entitled to possession. Appellant's demurrer to this plea was overruled, and abiding same, his bill was dismissed for want of equity. It was conceded that a judgment or decree of a court of competent jurisdiction would be conclusive between the parties not only as to issues and defenses presented or raised and passed upon by the court but also as to all issues which could have been presented; but the appellant contended that in the action for forcible detainer, it being purely statutory and for the sole purpose of securing possession, an equitable defense thereto could not be urged. The court points out that under the forcible entry and detainer statute forcible detainer may not be adjudged against a tenant holding over after the expiration of the term of the lease unless it also be found that he holds possession without right. The court states that the appellant's defense was necessarily that he was not withholding possession without right and it is apparent that the only color of right claimed by him is that arising out of the option clause of the lease and the question of the rights of the appellant under the option clause of the lease was presented and decided by the municipal court. The court pointed out that if the option to purchase the premises was still in effect at the time the appellant had made his tender and attempted to exercise the option, the appellant would be holding not as a tenant but as vendee, his possession of the premises would be rightful and under such a state of facts he would have had a complete defense, and said:

"It is apparent from appellee's plea that appellant in the forcible detainer action sought to prove his

363

rights as such vendee, but that issue was found against him. Even though he had not made that defense he nevertheless could have done so, and the finding and judgment in that case was *res judicata* of the rights of appellant to exercise the option to purchase the premises."

In the instant case the plaintiff had, as defendant in the forcible detainer suit, put in issue therein the fact that she was a mortgagee in possession. As in Bakaitis v. Fink, supra, the issue was not raised to determine title but merely to determine whether she was in possession without right. If the court found that she was a mortgagee in possession it would have been a bar to the forcible detainer action. In order for the court to enter a judgment for the plaintiffs in that suit (certain defendants here) the court must necessarily have determined the issue therein raised that the defendant (the plaintiff here) was not a mortgagee in possession. It affirmatively appears that that matter was actually raised in the court. The fact that the court makes no reference in its finding and judgment to its determination of that fact is immaterial. In determining whether an issue has been raised and considered in a prior proceeding reference may be had to "pleadings, testimony, jury instructions, findings, verdicts and any other pertinent sources of information sensibly helpful to the inquiry." "Res Judicata Reexamined," Cleary, 57 Yale Law Journal, 339, 342. Harmon v. Auditor of Public Accounts, 123 Ill. 122. In the forcible detainer suit Donichy and Theriault were plaintiffs and Palkey was the defendant. The cause of action was different, and strictly speaking it would constitute a collateral estoppel by finding or judgment rather than an application of the principles governing res judicata. In the case of Rose v. Dolejs, 7 Ill.App.2d 267, the court says:

364

"When some specific fact or question has been actually and directly in issue and has been adjudicated and determined by a court of competent jurisdiction in a former suit, and the same fact or question is again put in issue in a subsequent suit between parties or their privities who were parties in the former suit, its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties and persons in privity with them in the latter suit, without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have been the nature of the first action or of the second action in which the estoppel is set up: Hoffman v. Hoffman (1927), 246 Ill. App. 60. It is of first importance both in the observance of private rights and of the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive on the parties: Winkelman v. Winkelman (1924), 310 Ill. 568. Where the cause of action in the first suit is not the same as the cause of action in the second suit the court's determination in the first suit on all questions actually decided is final and estops the parties and their privities from relitigating those questions in the second suit,—such is normally denominated as estoppel by verdict or judgment, is but another branch of the doctrine of res judicata, and rests on the same principles as res judicata: City of Elmhurst v. Kegerreis (1945), 392 Ill. 195."

In Cohen v. Schlossberg, 17 Ill.App.2d 320, opinion filed by this court April 28, 1958, we said:

"As the causes of action are not the same, the only basis upon which a bar by prior adjudication could be sustained would be as collateral estoppel by judg-

ment. In the application of collateral estoppel, even though the causes of action are not the same, a relevant issue, determined in a prior suit between the same parties or their privies, is a bar to relitigation of that issue."

In Baker v. Brown, 372 Ill. 336, the court says:
"The general rule is, a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in any collateral action or proceeding, except for fraud in its procurement, and even if the judgment is voidable and is so illegal or defective that it would be set aside or annulled on a proper direct application, it is not subject to collateral impeachment so long as it stands unreversed and in force. . . . [Citing cases.] This rule is so well settled it is not open to question."

No appeal was taken from the finding and judgment of the Circuit Court in the forcible detainer suit. That finding and judgment are conclusive on the parties in the instant case, and plaintiff is thereby estopped to assert in the instant case that she is a mortgagee in possession.

In Franzen v. Donichy, supra, the court in its opinion filed in 1956 made the following statement:
"The evidence discloses that she [Palkey] was in possession for over 20 years and had made some repairs, but no taxes were paid and there is little to indicate her possession was adverse or under claim of title. It appears instead that she entered into occupancy as a tenant, and there is no satisfactory evidence to show a subsequent change in the character of the possession."

At the time of the filing of the tax foreclosure suit in 1952 the document of July 25, 1938, upon which

366

the plaintiff here relies and under which she alleges in her complaint that she purchased the mortgage indebtedness, was in existence, and was satisfied on December 26, 1940, at which time the plaintiff here contends that she became a mortgagee in possession. She made no such allegation in that case but relied solely upon a lost deed and adverse possession. While this finding and decision may not fall under the rules with reference to a collateral estoppel by judgment, it nevertheless strengthens the position of the defendants here. If, as we have found, the plaintiff here is estopped by the finding and judgment in the forcible detainer case to assert that she is a mortgagee in possession, the statute of limitations would bar any right which she may claim in the instant suit.

The judgment of the Superior Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and ROBSON, J., concur.