## Frederick W. Bliesener, Plaintiff-Appellee, v. Baird & Warner, Inc., Defendant-Appellant.

### Gen. No. 51,119.

First Judicial District.

October 18, 1967.

Holland F. FlaHavhan, of Chicago (Marshall Patner, of counsel), for appellant.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Horace W. Jordan, of counsel), for appellee.

GOLDENHERSH, J.

Defendant appeals from the judgment of the Circuit Court of Cook County in favor of plaintiff in the amount of $3,000, entered after a nonjury trial.

The evidence shows that defendant is engaged in the real estate business. Plaintiff had been living in New York, had accepted employment in Chicago, and wished

to buy a house in the Chicago area. He called defendant's Winnetka office, and Alan Ramsay, one of defendant's salesmen, showed him several houses, one of which, located in Glenview, had been built by John Edward Emerson, a contractor and builder. This house was one of 7 built by Emerson for which defendant, through its salesman, William Black, held an exclusive sales listing.

Plaintiff responded to a newspaper advertisement of the LaFave Agency, advertising houses for rent. Mrs. Mullack, a saleslady employed by LaFave, showed plaintiff the same house which Ramsay had showed him. Plaintiff explained to Mrs. Mullack that he had already seen the house and although interested, did not know whether he liked it well enough to buy it. Arrangements were then made for plaintiff, Ramsay, Black, Emerson and Mrs. Mullack to meet at defendant's office on the evening of January 30, 1964.

During the meeting Black prepared a lease on a printed form described as "George E. Cole & Co., No. 14–B, Residence Lease." It provided for a lease of the premises for a period of 2 years commencing on April 1, 1964, at a rental of $400 per month. At the same time, on a printed form, he prepared an agreement for the sale of the property. This provided for an earnest money payment of $3,000, the transaction to be closed and possession given on May 29, 1964. Black also prepared three "riders" to the lease, one of which provided for plaintiff to pay $3,000 as advance rental, and for defendant to complete certain work on the house, the second provided that plaintiff had the option to purchase the property on the terms contained in the agreement for sale, provided he exercised his option before March 10, 1964, in which event the $3,000 paid as advance rent is to be deemed earnest money; the third rider required the "seller" to do certain work on or before the "date of closing." An examination of these documents confirms the wisdom of the Supreme

Court's opinion in Chicago Bar Ass'n v. Quinlan & Tyson, Inc., 34 Ill2d 116, 214 NE2d 771.

Emerson and plaintiff signed the lease and the "riders," and plaintiff gave defendant his check, payable to defendant's order, in the amount of $3,000. Plaintiff then returned to New York.

The evidence shows that a savings and loan association held a mortgage on the property, that in November and December 1963, its president had told Black that Emerson was in default and the savings and loan association was seriously considering foreclosure. He also told Black to let him know if he had a "live prospect," and he would use the threat of foreclosure to help persuade Emerson to agree to a sale at a "reasonable price." A foreclosure suit was filed on January 27, 1964, and on January 30, 1964, a lis pendens was filed in the Torrens office. Both Black and Ramsay denied any knowledge of the filing of the foreclosure suit.

The testimony is conflicting as to the conversations at the meeting on January 30, 1964, with respect to whether plaintiff knew that Emerson needed the money to complete the house.

On March 7, 1964, plaintiff returned from New York and found the house was not completed. He told Black he had decided to rent, and not exercise his option to buy, Black told him the property was in foreclosure and plaintiff might have difficulty getting credit for the $3,000 if he rented, but if he bought the house there would be no problem with the down payment. Plaintiff demanded return of his money and defendant refused to repay it to him. In early February, 1964, defendant, after deducting its commission, had disbursed the money to Emerson.

Although defendant asserts in its brief that the court erred in permitting plaintiff, over defendant's objection, to dismiss Emerson as a party defendant, the record contains no order dismissing Emerson, and in its judg-

ment order the court entered judgment against both defendant and Emerson.

Defendant argues that it cannot be held liable because it was merely the agent of a disclosed principal, its action in paying the money to Emerson was in accordance with the terms and intent of the agreement, and was done without knowledge that its principal (Emerson) could not perform. It also contends that under the terms of the lease plaintiff was obligated to Emerson for advance rental, and because the option to purchase was never exercised, defendant did not, at any time become an escrowee for the funds.

Plaintiff's complaint charges, inter alia, that for a long time prior to January 30, 1964, Emerson was in default on the mortgage, that a complaint for foreclosure had been filed, and defendant knew of the default and foreclosure. Although it is not clearly shown that defendant knew of the filing of the foreclosure action, the evidence leaves no doubt that defendant knew the mortgage was in default.

■ Since the mortgage was in default at the time the lease was entered into, the mortgagee was entitled to possession and Emerson could not perform. West Side Trust & Savings Bank v. Lopoten, 358 Ill 631, 193 NE 462.

In Rising v. Ferris, 216 Ill App 252, at page 257, this court said, ". . . an agent may, in some cases, owe a duty to third persons at the same time that he owes a duty to his principal, and that the common duty to regard the rights of others is none the less binding upon a person because he happens to be at the time an agent."

■ Upon the facts here presented, we hold that defendant, having knowledge of facts which would prevent Emerson's performance of the terms of the lease, owed plaintiff the duty to disclose to him the information which it had. Endsley v. Johns, 120 Ill 469, 12 NE 247; Restatement of the Law, Agency (2nd), § 348. Having

breached that duty, it is liable to plaintiff for the loss which he suffered.

For the reasons herein set forth the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.