AMELIA E. WIEMER, Plaintiff-Appellee, *v.* THE HAVANA NATIONAL BANK, Defendant-Appellant.

Third District   No. 77-501

Opinion filed November 20, 1978.—Rehearing denied February 20, 1979.

BARRY, P. J., concurring in part and dissenting in part.

David B. Radley, of Baymiller, Christison & Radley and Lyle W. Allen, of Heyl, Royster, Voelker & Allen, both of Peoria, for appellant.

Jay H. Janssen, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Havana National Bank appeals from a judgment for $300,000 entered in favor of plaintiff Amelia Wiemer in an action to recover damages for defendant's alleged breach of trust. The same transaction was involved in *Havana National Bank v. Wiemer* (3d Dist. 1975), 32 Ill. App. 3d 578, 335 N.E.2d 506, *appeal denied* (1976), 61 Ill. 2d 601. Since our earlier opinion contained a complete statement of facts, we shall include here only those circumstances necessary to this appeal.

In 1966, Amelia Wiemer and her husband LaVern Wiemer contracted to purchase a 312-acre farm for $120,000. Shortly thereafter Mr. Wiemer suffered a serious heart attack and as a result, could no longer engage actively in farming operations. During 1967 the Wiemers borrowed $25,000 from a Pekin bank and $38,000 from defendant, and they assigned their interest in the purchase contract as security for both loans. Early in 1968, the Wiemers entered into an agreement to sell two acres of the farm for $10,000 and also applied for a first mortgage loan from an insurance company. A $5,000 installment under the purchase contract was not paid on the March 1, 1968, due date.

On March 28, 1968, an officer of the defendant Havana National Bank came to the Wiemers' home and obtained their signatures on a trust deed and a trust agreement whereby the Wiemers conveyed their interest in their farm to defendant as trustee. Under the terms of the agreement defendant was given "control of the management, renting and possession" of the entire farm property, although in fact the Wiemers continued to reside in the farmhouse. The trust instruments gave the trustee full power to deal with the property including the power to sell the farm except that the grain farming portion could not be sold to anyone

other than the Wiemers for one year. All operating profits and the proceeds of any sales were to be applied to the Wiemers' debts. Both banks advanced additional funds in order to pay off the purchase contract until a first mortgage loan was obtained.

After managing the farm for four years defendant advertised the farm for sale in 1972, and thereafter entered into contracts to sell the farm as two separate tracts. In early 1973, when the Wiemers learned that defendant had contracted to sell the farm, they recorded an affidavit notifying prospective purchasers that a sale by defendant would be in violation of law. Defendant then filed a suit for specific performance to compel the Wiemers to execute a quitclaim deed to defendant as trustee. Mr. Wiemer died while the suit was pending, and at the conclusion of the trial, the court granted defendant a decree of specific performance. Defendant then obtained a writ of assistance and evicted plaintiff from the farm home on June 11, 1974. After filing a notice of appeal, plaintiff, on July 3, 1974, obtained a stay order from this court, and by July 6, she regained possession of the home.

During the years 1968-1972, the trustee rented the Wiemer farm to a tenant under a sharecrop arrangement, and in 1973 switched to cash rent. After the appellate decision in favor of Mrs. Wiemer, the trustee apparently surrendered possession of the farm to her, and she leased the farm for cash rent during 1976 and 1977.

In 1976, Mrs. Wiemer filed this suit, alleging that the bank has breached its fiduciary duties to her under the terms of the trust and seeking both compensatory and punitive damages. On defendant's motion to dismiss, the trial court struck those portions of the complaint in which plaintiff claimed attorney's fees and court costs for defending the specific performance suit but denied the remainder of the motion. After the trial the jury returned a verdict in favor of plaintiff, awarding her $200,000 compensatory damages and $100,000 punitive damages. Defendant has appealed from that judgment, and plaintiff has filed a cross-appeal as to the ruling which denied her claim for fees and costs of defending the first suit.

Defendant initially contends that the decision of this court in the first suit established defendant as a mortgagee in possession, not a trustee, and since a mortgagee in possession does not owe fiduciary duties to the mortgagor, plaintiff had no cause of action for breach of trust. The premise underlying defendant's position is that the legal relationship of the parties is governed by the law of mortgages, not the law of trusts, and that defendant had a right to resort in good faith to the courts to enforce its power of sale under the trust agreement without exposing itself to liability.

In both the trust deed and the trust agreement, the parties expressly

provided for the creation of a trust relationship, and the provisions of the trust instruments must be given effect. The fact that a trustee under a trust deed is a fiduciary has been repeatedly recognized. (*E.g., White v. Macqueen* (1935), 360 Ill. 236, 195 N.E. 832, 98 ALR 1115; *Meyer v. Kenmore-Granville Hotel Co.* (1st Dist. 1941), 308 Ill. App. 78, 31 N.E.2d 330.) It has also been said that the trustee of a trust deed is required by the fundamental law of trusts to deal fairly with the beneficiary and that the trustee will not be allowed to retain any personal advantage from dealing with the trust property. (*People ex rel. Barrett v. Central Republic Trust Co.* (1st Dist. 1939), 300 Ill. App. 297, 20 N.E.2d 999.) Thus we think it clear that a trust relationship existed between the parties. The fact that the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1977, ch. 95, par. 23) applied to protect plaintiff's equity of redemption does not destroy the trust relationship which the parties expressly agreed to in the trust instruments.

The next question is whether defendant's actions breached that trust. Plaintiff alleged in her complaint that defendant's conduct amounted to a breach of trust in that the defendant (1) contracted to sell the farm for insufficient value, (2) filed the suit for specific performance against plaintiff which required her to defend herself, (3) evicted plaintiff, (4) rented the farm for less than the fair market rental value, and (5) deprived plaintiff of the use of the premises by wrongfully filing the specific performance suit.

First, we note that items (3) and (5) both rest on the assumption that plaintiff has a right to possession of the house, but by the terms of the trust agreement, plaintiff and her husband expressly granted possession of the entire property to defendant. Plaintiff's continued residence on the farm was by defendant's sufferance and not by claim of right. In addition, even if plaintiff were entitled to possession under the trust deed, her possessory right would terminate in favor of defendant if she defaulted on the debt or otherwise breached the trust agreement. (*Bliesener v. Baird & Warner, Inc.* (1st Dist. 1967), 88 Ill. App. 2d 383, 232 N.E.2d 13; *Palkey v. Donichy* (1st Dist. 1958), 18 Ill. App. 2d 356, 152 N.E.2d 494.) Thus in either situation plaintiff has to establish her right to possession as against defendant before she can recover damages for loss of possession. Since plaintiff failed to show that she was not in default or that she was otherwise entitled to occupy the premises, the court erred in not striking her claim for damages for loss of possession.

Next, we consider plaintiff's claim that she is entitled to recover damages for defendant's attempt to sell the farm for insufficient value. Since the attempted sale was not consummated, quite obviously no damages were incurred. Hence, this claim should have been stricken.

The remaining two claims are for filing the specific performance

suit against plaintiff and for inadequate rental income. In order to establish that either or both of these claims amounted to a breach of trust, plaintiff must show that she is not in default or, as to the latter, that any default was a direct result of defendant's mismanagement. In our opinion both claims should logically be presented as defenses or counterclaims to the pending foreclosure action. (*E.g., Chicago Title & Trust Co. v. Exchange National Bank* (2d Dist. 1974), 19 Ill. App. 3d 565, 312 N.E.2d 11.) Such a consolidation of action is, of course, a matter within the discretion of the trial court. *Needy v. Sparks* (1st Dist. 1977), 51 Ill. App. 3d 350, 366 N.E.2d 327; Ill. Rev. Stat. 1977, ch. 110, par. 51.

Because this cause must be remanded for a new trial, we will also consider another erroneous ruling which could recur upon retrial.

■■ Defendant challenges the $100,000 award for punitive damages on the ground that the trial court erred in giving plaintiff's jury instruction on punitive damages in the absence of evidence of fraud, deceit, malice, or other aggravating circumstances. Plaintiff responds that defendant's conduct in obtaining mortgage financing, mismanaging the farm operations, trying to sell the farm, and evicting plaintiff amounted to a malicious and conscious disregard of her property rights, particularly when defendant had a fiduciary obligation to preserve the trust property. In *Zokoych v. Spalding* (1st Dist. 1976), 36 Ill. App. 3d 654, 671, 344 N.E.2d 805, 818, the court stated:

> "Punitive damages may be properly awarded where the defendants' actions are accompanied by aggravated circumstances such as wantonness, willfulness, malice, fraud, oppression, violence and recklessness."

The court in *Zokoych* affirmed the punitive damages award upon a finding that the defendants acted in wanton disregard of plaintiff's rights in pursuing an unlawful scheme to defraud plaintiff. Generally, actions taken in good faith pursuant to a valid court order would not be considered sufficiently wilful and wanton as to justify imposition of punitive damages. (*Burr v. State Bank* (2d Dist. 1951), 344 Ill. App. 332, 100 N.E.2d 773.) In the case before us, the evidence indicates that defendant's actions resulted from a mistake of law and did not constitute wilful and wanton misconduct. Accordingly, we believe that, on the basis of the pleadings and evidence in the record before us, the trial court erred in instructing the jury on punitive damages.

■■■ Finally, plaintiff has cross-appealed from the trial court's ruling which struck her claim for attorney's fees and costs incurred in the previous lawsuit. Ordinarily the costs of litigation cannot be recovered in a subsequent suit by a successful plaintiff who has been forced into litigation by reason of defendant's wrongful conduct. (*Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41; *John Allan Co. v. Brandow* (3d Dist.

1965), 59 Ill. App. 2d 328, 207 N.E.2d 339.) In *Ritter v. Ritter* defendant had wrongfully refused to convey to plaintiffs title to certain property which belonged to them, and plaintiffs were forced to bring suit in order to obtain title. They later filed a second action to recover the attorney's fees and costs incurred in the first suit. The supreme court ruled that plaintiff had no cause of action and stated:

> "If, in the process of the procedure necessary to the establishment of plaintiffs' claim, they were compelled to employ the services of lawyers and incur other expenses it was but an incident attached to the asserting and enforcement of their right to have their property conveyed to them, and defendant's conduct in withholding the title until compelled by litigation to surrender does not constitute a breach of any duty he owed plaintiffs for which a separate action can be maintained." (381 Ill. 549, 554.)

The law of Illinois does not impose tort liability upon those who seek to litigate their rights, even when groundless lawsuits are filed, unless the requirements for malicious prosecution or abuse of process are met. (*Lyddon v. Shaw* (2d Dist. 1978), 56 Ill. App. 3d 815, 372 N.E.2d 685.) However, where a cause of action is based upon a breach of trust, and the alleged breach was accomplished by use of a valid court order, the fiduciary is accountable for his actions. (*Johnson v. Central Standard Life Insurance Co.* (1st Dist. 1968), 102 Ill. App. 2d 15, 243 N.E.2d 376.) Therefore, we think evidence of plaintiff's previous legal expenses should be admissible as a measure of her damages, but only if plaintiff establishes that defendant breached its fiduciary duty as trustee by filing the suit for specific performance against her.

The dissenting opinion suggests that plaintiff may be entitled to punitive damages on the basis of defendant's wrongful acts committed before the trust agreement was executed. Since plaintiff limited her allegations of wilful and wanton misconduct to actions occurring after the bank became trustee under the trust instruments, we are persuaded that punitive damages were not proper here.

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE BARRY, concurring in part and dissenting in part:

I concur in the opinion of the majority except for the language disposing of the issue of the propriety of the $100,000 punitive damage award given to the plaintiff-appellee following this jury trial.

Accordingly, I dissent with respect to the majority position on that issue. I seriously disagree with any disposition of a challenge to plaintiff's jury award of punitive damages because the result reached by the majority opinion on the other issues raised makes a decision on the merits of the punitive damage issue premature. The majority concluded that the case must be reversed and remanded for a new trial on other grounds, a position with which I agree. Such a result makes any opinion by this court on the punitive damage issue purely advisory and clearly dicta. Upon remand the trial may result in a different outcome and our philosophy on whether punitive damages here were proper would be meaningless discourse.

As the majority opinion correctly emphasizes, punitive damages may be properly awarded where the defendant's actions are accompanied by aggravating circumstances. (*Zokoych v. Spalding* (1st Dist. 1976), 36 Ill. App. 3d 654, 344 N.E.2d 805.) From an extensive examination of the pleadings and record testimony in this case, I believe that a question for the jury was presented as to whether the defendant acted in a wilful and wanton manner. The majority opinion wrongly concludes that the defendant acted only under a mistake of law (that is, not equating the trust deed obtained with a mortgage) and cannot therefore be guilty of wilful and wanton misconduct. The record clearly supports the position that some of defendant's allegedly wrongful acts were committed prior to the execution of the trust instruments. In view of this, the majority inappropriately characterizes all of the defendant's acts to be a result of a mistake of law. Although the defendant's employees may have mistaken the legal effect of the trust instruments, they appear to have been aware that the mortgage was insufficient for their purposes, and therefore sought to have the mortgage replaced by the trust instruments. A jury could find that the acts of the defendant, through its employee, in inducing the plaintiff and her husband to sign the trust instruments, were fraudulently motivated, wilful, wanton or oppressive.

Upon retrial the plaintiff may amend the complaint to conform to the evidence already proved (Ill. Rev. Stat. 1977, ch. 110, par. 46(3)), could produce additional evidence to support an award of punitive damages, and the defendant would undoubtedly submit evidence contrariwise. Because an issue of punitive damages is one for the jury, I cannot sanction the majority's premature disposition of this issue before the retrial upon remand of this case, preempting the trial court's discretion and usurping the function of the jury. Furthermore, because it is advisory and premature, the majority opinion's statement as to punitive damages is not binding on the trial court.