Consumers Bond & Mortgage Company et al., Complainants, v. David H. Sadin et al., Defendants.
In re Petition of Cody Trust Company, Intervening Petitioner, Appellant.

Gen. No. 35,571.

Opinion filed April 5, 1932.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellant; VINCENT O'BRIEN and JOHN M. BAKER, of counsel.

EDELSON, LATTER & WISE, for appellees; WILLIAM N. WISE, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On February 25, 1931, Consumers Bond & Mortgage Company, a corporation, et al., filed a verified bill to foreclose a second mortgage, executed by the defendants, David H. Sadin and Eva Sadin, his wife, and thereupon a receiver was appointed. On April 6, 1931, Cody Trust Company, a corporation, appellant, filed an intervening petition praying that the receiver surrender to it possession of the premises and the rents. After answers were filed an order was entered on findings, denying the petitioner relief. The petitioner has appealed.

The intervening petitioner was not made a party to the bill. In its verified petition, filed by leave of court, it set forth, *inter alia,* that it was trustee of the premises in question under a first mortgage executed by the said Sadins January 11, 1928, to secure an indebtedness of $60,000, evidenced by 18 promissory notes signed by the same parties; that default existed and that there is due and payable the principal sum of $57,000, with accrued interest thereon; that because of the default the petitioner and State Mutual Life Assurance Company as holder of the first mortgage notes had filed their bill in another cause, in the same court, to foreclose the first mortgage; that by reason of the default the petitioner, as trustee, became entitled to possession of the premises and the pledged rents; that in the instant case, upon bill filed by the second mortgagee (whose lien was subject to petition-

er's prior pledge) a receiver had been appointed, who was in possession of the premises and collecting the rents; that the petitioner has the right to possession and management of the premises, and prays that the chancellor direct the receiver to surrender to it, as trustee under the first mortgage, the premises and all rents collected from the date of the filing of the petition. The petitioner also prayed that its petition stand as its demand for the rents, issues, income and profits as well as for the enforcement of its other rights in the premises, "and for such other and further relief in the premises as equity might require." In their answer to the petition the Sadins admit nearly all of the material allegations of the petition, but as these admissions are expressly stated in the findings of the chancellor, which we hereinafter quote, it is unnecessary to here refer to them. The answer denies that the rights of the receiver are subject to the prior rights of the petitioner to the possession, management, operation and use of the premises and to the rents, issues, income and profits therefrom; admits that the petitioner is a party complainant in another proceeding pending in the same court for the foreclosure of the first mortgage, in which it is named as trustee; avers that for the protection of their interest, as owners of the equity of redemption, an impartial person or corporation should be in possession of said premises, collecting the rents, issues and profits therefrom; denies that the petitioner is entitled to or has the right to take possession of the premises and to manage and operate the same; denies that the petitioner is entitled to the discharge of the present receiver or to the surrender by the receiver to the petitioner of the premises and of the rents, issues, income and profits that accrued therefrom after the filing of the intervening petition; denies each and every allegation of the petition not specifically admitted or denied, and denies that the

petitioner is entitled to any relief as prayed for in the petition. The answer of Union Bank of Chicago, receiver, to the petition, neither admits nor denies the material allegations of the petition but demands strict proof thereof.

The chancellor found, *inter alia:*

"That the respondents expressly in their answers admit the allegations of paragraphs 1, 2, 3, 4 and 5 of the petition of Cody Trust Company and admit that for the purpose of foreclosing the trust deed in said intervening petition set forth, said Mutual Life Assurance Company as complainant did prior to the filing of said intervening petition exhibit in the said Superior Court of Cook County in cause No. 534618, its bill of complaint against all of the parties, both complainant and defendant, in the above entitled cause, which bill is pending and indetermined in said court.

"That to secure the payment of said indebtedness and the performance of all the covenants and conditions contained in said trust deed, said David H. Sadin and Eva Sadin, his wife, made, executed and delivered their certain trust indenture, bearing date the 11th day of January, 1928, whereby they conveyed, mortgaged and warranted to Cody Trust Company, as trustee, aforesaid, the real estate and premises described in the bill of complaint in this proceeding described in said trust deed and also the rents, issues, income and profits thereof, which said indenture was thereafter duly acknowledged by said David H. Sadin and Eva Sadin, his wife, before a notary public . . . and was filed for record . . . on the 18th day of January, 1928.

. . . .

"That on the 11th day of January, A. D. 1931, principal note No. 4, in the sum of $1,000 and interest coupons aggregating $1,567.50, matured under said trust deed but were not paid, nor was any part thereof but that default was made in that respect, which default

still continues and that the said defendants, David H. Sadin and Eva Sadin, his wife, otherwise made default in the performance of the covenants and conditions on their part required by said trust deed to be performed; that by reason of said defaults Cody Trust Company as trustee has heretofore elected and did by the filing of its said petition elect to declare forthwith due and payable the entire principal sum by said trust deed secured and that by reason thereof there now becomes due and forthwith payable, in addition to the principal note in default as aforesaid the unpaid principal sum of $56,000 with accrued interest thereon as in said trust deed provided.

"That by petitioner's trust deed the rents, issues, income and profits of the real estate and premises therein described are expressly conveyed, pledged and assigned and that in and by Section 2 of Article VIII of said trust deed it is provided that in case the said David H. Sadin and Eva Sadin shall fail to perform any agreement or covenant under said trust deed, including payment of principal and interest at the times when the same becomes due and payable, time being of the essence, that the said intervening petitioner should, without notice, be entitled to the immediate possession of said real estate and premises as for condition broken and that it might by its agents with or without entry take actual or constructive possession of the said mortgaged premises and exclude the said Sadins wholly therefrom and that in and by said article the said Sadins agreed upon said default forthwith peaceably to surrender to the said petitioner and its agents the possession of the said real estate and premises.

"The court further finds that prior to the filing of the intervening petition by said petitioners and on the 25th day of February, A. D. 1931, the respondents, Consumers Bond & Mortgage Company and Samuel J.

Damond, as trustee, moved the court for an order for the appointment of a receiver upon their verified bill of complaint to foreclose and thereupon the Union Bank of Chicago, a banking corporation, duly authorized under the laws of the State of Illinois to administer trusts, was appointed receiver for the premises involved herein and duly qualified as such.

"The court further finds that the income now realized by said receiver from the said real estate and premises is insufficient to meet the requirements of the said petitioner's trust deed for principal, interest and taxes upon said premises as same become due and payable, but that the said premises are at present not fully rented, and that the receiver has not had ample opportunity to rent the unoccupied portion of said premises but that if the unoccupied portion of said premises is rented the income of and from said real estate and premises would be sufficient to meet the requirements of the said petitioner's trust deed for principal, interest and taxes upon the premises involved herein.

"The court further finds that the mortgage sought to be foreclosed in this proceeding is expressly subordinate to the lien of the petitioner's trust deed and to all of the terms and provisions thereof, and that the receiver herein was appointed at the instance of the complainants herein, and that the said petitioner was not and is not a party to the above entitled cause except as appears through its intervening petition herein.

"The court further finds that the said petitioner is not entitled to the possession of the said real estate and premises as against the possession of the receiver herein, but that the complainants in the cause pending in this court numbered 534618, are if they or either of them so elect, entitled to have the rents, issues, income and profits of and from the said premises protected

by way of an extension of the said receivership but that the said petitioners have not moved the court for the entry of an order of extension of said receivership.

"It is Therefore Ordered that said intervening petition, in so far as the same demands possession of the said real estate and premises as against the receiver herein, be and it hereby is denied, to which order the said intervening petitioner duly excepts in open court."

The petitioner contends that "as first mortgagee its right to the possession and incidental rentals is absolute upon default and assertion of its right; that therefore chancellor should direct the receiver (appointed at the instance of the second mortgagee) to step aside and permit petitioner's exercise of its legal rights." In the recent case of *Altschuler v. Sandelman,* 264 Ill. App. 106, we held that the appointment of a receiver to take charge of mortgaged premises under a junior mortgage does not destroy the right of a prior mortgagee to take possession; that there is no merit in the contention that the latter can then only have the receivership extended as to it, and that it is error to dismiss, for want of equity, an intervening petition demanding that a receiver, appointed at the instance of a junior mortgagee, surrender possession to a first mortgagee; that there is no material difference or distinction between the rights of a first mortgagee in possession of premises prior to an appointment or attempted appointment of a receiver at the instance of a junior mortgagee, and the rights of a first mortgagee not asserted until after a receiver has been appointed and is in possession at the instance of a junior mortgagee; and that the appointment of a receiver at the instance of a junior mortgagee can only be made without prejudice to the right of the first mortgagee to the possession of the premises, if he sees fit within a reasonable time to assert that right. In that case the law bearing upon the important questions involved is cited at considerable length, and after a further considera-

tion of the matter we adhere to the conclusions therein reached.

The appellees, however, contend that the rule announced in the *Altschuler* case does not govern the instant appeal, and we shall therefore consider certain points raised by them in support of this contention. They argue that the terms of the first mortgage trust deed operate as a restraint upon the right of the petitioner to obtain the rents and possession, and that before the petitioner would be entitled to possession of the premises and the rents after default, application of the legal holder of the indebtedness secured by the first mortgage trust deed would have to be made upon the petitioner to take possession, manage and collect the rentals of the premises involved herein pursuant to the terms of the trust deed, and that there is no allegation in the petition and no proof in the record that such application had been made. Even if the petitioner's right to possession were based entirely upon the terms of the trust deed, nevertheless, we think that a prima facie showing was made in that regard. However, aside from its contract right under the trust deed, and solely by virtue of its status as a first mortgagee, the latter, under the Illinois law, became the owner of the property after condition broken, subject only to an equity of redemption, and as such owner was entitled to the physical possession of the same.

The appellees contend that "the possession of a receiver is the possession of the Court and said receiver can only be ousted by said Court." This contention merely states a well known rule of law, and it was because of the same that the petitioner filed its petition. This rule, however, does not contemplate that the mere appointment of a receiver under a junior mortgage makes the possession of the court absolute and deprives a senior mortgagee of an opportunity to assert his right to possession.

The appellees contend that the chancellor was not bound to surrender possession to the petitioner unless it proved that it could execute the trusts contained in the trust deed more efficiently than could the court. A first mortgagee, upon default, can maintain ejectment in a law court, and it may maintain such action even after the appointment of a receiver, but to avoid contempt of the equity court the first mortgagee usually obtains leave of the chancellor to sue before bringing the ejectment action. In the instant case the chancellor had the custody of the *res* and elected to hear the matter of the petition. In the hearing the material question to be determined was, whether or not the petitioner had a legal right to possession, and as this question, under the findings, could be properly determined only in the affirmative, the question as to whether the petitioner could operate the property more efficiently than the receiver was not a material one. In support of appellees' instant contention they cite *Illinois Cent. R. Co. v. Mississippi Cent. R. Co.*, case No. 7008, 12 Fed. Cases, 1207. The property involved therein was located in Mississippi and the rights of the first mortgagee were determined by the law of that state, which is different from the law of Illinois. "In Delaware, Mississippi, and Missouri the common-law doctrine is so far modified, that until breach of the condition and possession taken, the mortgagor is regarded as the owner of the legal estate, not only as against third persons, but as against the mortgagee himself. But upon forfeiture and entry of the mortgagee, he is regarded as having the legal title for the purpose of obtaining satisfaction out of the property." (1 Jones on Mortgages, 8th ed., p. 60.) In the *Mississippi* case the court thus states the doctrine of that state: "The property is the property of the mortgagors, subject only to the encumbrances in the order of their priority. The mortgages are only securities." In other words, under the law of Mississippi, the mortgagee is not re-

garded as having the legal title for any purpose until forfeiture and entry.

The appellees contend that "a court of equity is not bound at all times to enforce a strict legal right, but will protect the equitable title when good conscience requires it." In each of the three cases cited in support of this contention an equitable remedy was sought as the means of enforcing a legal right. In two of the cases an injunction was asked, and in the third, partition. In the instant case the petitioner was not asking for equitable relief but was merely insisting upon its legal rights.

The appellees contend that the intervenor failed to ask leave to become a party to the second mortgage suit and therefore was not entitled to any relief from the chancellor. It is a sufficient answer to this contention to say that the chancellor entertained the intervening petition, without requiring the petitioner to become a party to the suit, and the appellees made no objection to the procedure. Intervention may be permitted where the intervenor has an interest in the litigation itself such as will be affected by the granting of the relief prayed for in the bill, or where the intervenor has an interest in or lien upon the property which the court, through the appointment of a receiver, has taken into custody. In the latter case the right of an intervenor does not depend upon an interest in the litigation itself and it may be wholly immaterial to it what decree may be entered in the litigation. In the instant case the sole concern of the intervenor was in the disposition of the *res,* which the court had in its custody, and it merely asked the chancellor to enforce its legal rights as to the same. The instant contention is an afterthought and is without merit.

The appellees contend that the petitioner's rights would have been fully protected by an order extending the receivership to the first mortgage, and that as it refused to ask for such an order the chancellor was

warranted in denying the petition. We find no merit in this contention. The complainant did not see fit to make the petitioner a party to the bill even after the intervening petition had been filed, and it was not necessary that the petitioner should voluntarily become a party to the foreclosure proceedings before it could maintain its legal rights as set up in the petition.

The order of the superior court of Cook county is reversed and the cause is remanded with directions to the chancellor to enter an order in accordance with the prayer of the intervening petition.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and KERNER, J., concur.