Helge Erickson, Appellee, v. Delbert D. Ehresman et al., Defendants.
Russell Firebaugh, Appellant, v. Delbert D. Ehresman et al., Appellees.

Gen. No. 35,990.

344

Opinion filed ·February 6, 1933.

WILLIAM SHERMAN STAHL, for appellant.

No appearance for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal Russell Firebaugh, as trustee, seeks to reverse an order entered by the superior court of Cook county sustaining a demurrer to his petition praying for the discharge of the receiver appointed by the court, and that the property be turned over to him.

The record discloses that Helge Erickson filed a creditor's bill and had a receiver appointed for certain real estate in Chicago. The receiver entered upon the discharge of his duties and afterward Russell Firebaugh, as trustee, filed his bill to foreclose a mortgage which was a first lien on the property. Afterward Firebaugh filed a petition in the Erickson suit and a rule was entered on the receiver to turn over the rents collected by him to Firebaugh, as trustee, to apply on the mortgage indebtedness. The receiver made certain payments in accordance with that order. Afterward Firebaugh filed another petition in the Erickson case and moved that the receivership be extended so that he would receive the benefit of it, and an order was accordingly entered. The receiver continued in the performance of his duties.

In the foreclosure suit a decree was entered and the property was sold; there was a deficiency and it was

decreed that the receiver in the creditor's bill suit turn over all rents collected by him toward the satisfaction of the deficiency decree. A decree was afterward entered in the creditor's bill case providing that all moneys collected by the receiver after his receivership was extended should be applied to the deficiency decree, pursuant to Firebaugh's motion, as above stated. An appeal was taken from that order and decree, to this court, and they were reversed and the cause remanded with directions to the receiver to turn over all moneys to Firebaugh as trustee. *Erickson v. Ehresman*, 265 Ill. App. 602 (Abst.).

The property was sold under foreclosure and the certificate of the master issued to Firebaugh, as trustee. Some time afterward he filed his petition, which is now before us, seeking to have the receiver discharged so that he could take possession of the property, on the claimed ground that he could handle it at less cost than the receivership, and that there would not be enough derived from the sale of the property to pay the deficiency decree. As stated, a demurrer was sustained to this petition; it was dismissed and Firebaugh appeals.

Whether Firebaugh, as trustee, would have the right to take possession of the premises as against the receiver is the question for decision. In support of his contention the cases of *Altschuler v. Sandelman*, 264 Ill. App. 106; *Consumers Bond & Mortgage Co. v. Sadin*, 266 Ill. App. 141, and other cases are cited.

In the *Altschuler* case it was held that the right of the first mortgagee (the trustee) to take possession of the premises covered by the mortgage was not destroyed by the appointment of a receiver under the junior mortgage, provided the first mortgagee acts within a reasonable time to assert his right. To the same effect is the holding in the *Sadin* case.

In the instant case we think Firebaugh is not in a position to have the receiver discharged and the prop-

erty turned over to him for the reason that on his own petition and motion the receivership was extended to protect his interest. Having taken that position, we think he ought not now be permitted to have the receiver removed or discharged where no charge of wrongdoing is made against the receiver.

The order of the superior court of Cook county is affirmed.

*Order affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.