MILAS R. STONE, Plaintiff-Appellee, *v.* BERTIE L. STONE, Defendant— (GOLDWIN NIELSEN, *et al.*, defendants-Appellants.)

No. 71-60;

Third District—November 10, 1971.

Churchill & Churchill, of Moline, for appellants.

Joseph Rosborough, of Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On March 23, 1971, the circuit court of Rock Island County denied the motion of Appellants, Goldwin Nielsen and Richard Nielsen, to transfer

the receivership or vacate the order appointing Appellee, Milas Stone, Receiver. This is an appeal from such interlocutory order pursuant to Supreme Court Rule 307 (b).

In 1962, the circuit court of Rock Island County entered judgment by default in favor of Milas Stone against his brother Bertie Stone in the amount of $2,285.29. The judgment represented one-half of the amount which Milas had expended for the care of their mother prior to her death in 1959 and the real estate taxes paid by Milas with respect to 50 acres of land devised by their father to Bertie Stone for his lifetime with remainder to Milas Stone. As part of the judgment order a check payable to both brothers in the total sum of $1,500, representing the proceeds of a sale of approximately two acres to the State of Illinois, was ordered to be endorsed by a Master in Chancery and one-half of the amount thereof credited against the judgment.

In 1967, Milas Stone in the same proceeding moved for the appointment of a Receiver with respect to the 50 acre tract and pursuant to such motion he was appointed Receiver. Included in the order of appointment was the direction that the Receiver send notice of his appointment by mail to Bertie Stone and Goldwin Nielsen, the lessee of the farm. In October, 1970, Milas Stone as Receiver filed his petition for writ of assistance to put him in possession of the 50 acre farm tract the Clerk being directed to give notice by mail thereof to Bertie Stone, Goldwin Nielsen and Richard Nielsen. The abstract of the record does not indicate the disposition of this petition. However either in response to this petition or another petition of the Receiver the appellants, Goldwin Nielsen and Richard Nielsen, filed a motion which sought both to transfer the administration of the Receivership to Bureau County and to vacate the order appointing the Receiver. This motion was filed on March 23, 1971, and on the same date it was denied. Pursuant to Supreme Court Rule 307 (b) the appellants are seeking review of that part of the interlocutory appeal denying their motion to vacate the order appointing the Receiver.

In seeking to reverse the order of the trial court appellants argue the order appointing the Receiver should have been vacated because first, with respect to bond, notice and hearing the order was contrary to Ill. Rev. Stat. 1961, ch. 22, par. 54 and second, appointment of Receiver was improper because legal remedies had not been exhausted.

That part of the motion seeking to vacate the order appointing the Receiver provides, "1. That the above action was in reality a complaint for money damages as evidenced by the original complaint filed herein. 2. That Plaintiff obtained the Order Appointing Receiver by default and without legal justification—legal remedies available to Plaintiff as evidenced in the order for entry of judgment. 3. That said Goldwin Nielsen

and Richard Nielsen are present Lessee and Sublessee of said property, under a lease dated December 8, 1964 and extension of said lease dated July 27, 1970, for a term extending to January 1, 1976. 4. That said Lessee and Sublessee are in physical possession of said premises and are farming said lands. 5. That said Plaintiff is attempting to utilize the equitable powers of this Court to unjustly benefit himself in satisfying his judgment deficiency. 6. That Plaintiff has various legal remedies available to attempt to satisfy said judgment. WHEREFORE Goldwin Nielsen and Richard Nielsen PRAY that the receivership in Milas Stone heretofore ordered by the Court be vacated and the Plaintiff ordered to proceed in conformity with other legal remedies and that any orders entered subsequently in connection with said Receivership be null and void."

■■ From an inspection of the foregoing motion it is clear that the alleged failure of Milas Stone to comply with Ill. Rev. Stat. 1961, ch. 22, par. 54, was not mentioned in such motion and has been raised for the first time on appeal. Such claim of error comes too late and may not be considered by a Court of Review.

■■ We are also disposed to hold that the motion is insufficient to support the claim of appellants that the appointment of the Receiver was improper as a matter of law because of the existence of other legal remedies.

■■ The general rule is that a Receivership is an extraordinary ancillary remedy which should be exercised with great caution and sound discretion, and only after a party has exhausted his remedies at law. This rule according to appellants requires the appointment of the Receiver to be vacated and in support of such position appellants rely on *Schack v. McKay*, 97 Ill.App. 460, and *Fox v. Fox Valley Trotting Club Inc.*, 349 Ill.App. 132, 110 N.E.2d 84. Such cases in our view do not persuasively support appellants' position. Each case involves the appointment of a Receiver pendente lite and in each case the propriety of the appointment is immediately challenged by the defendant named in the principal action.

In examining appellants' motion and the facts of this case we think there are several reasons why appellants' motion fails to support the relief sought. Although we have some doubt concerning the interest or standing of plaintiffs regarding the question of the propriety of the appointment of the Receiver (the matter is only inferentially alluded to in the briefs of the parties) we have no doubt that the motion is insufficient in other respects. According to appellants' motion their possession in 1971, was derived from a lease extension entered into in July, 1970, nearly three years after the appointment of the Receiver, yet the motion fails to indicate that appellants either were unaware of the appointment of the

Receiver at the time of the execution of the extension or shortly after the Receiver's appointment. On the contrary the record shows that appellants did know of the appointment. The order of the appointment itself provided that notice be given Bertie Stone and Goldwin Nielsen within 10 days after the appointment and the petition for writ of assistance filed in October, 1970, affirmatively asserts that such notice was given and this fact has not been denied by appellants. If appellants did know of the appointment and took no action they must be deemed to have acquiesced in the appointment and are now in no position to complain. *Roby v. Title Guarantee and Trust Company*, 166 Ill. 336.

The motion refers to other legal remedies but fails to specify what such legal remedies might be. Nor does such allegation specify whether such legal remedies are available against movant or against someone else. Additionally it should be noted there is an absence of any allegation of any injury present or future which the appellants sustained at the time of the appointment of the Receiver.

There were other grounds indicated in the motion for the appointment of the Receiver as filed in 1967, in addition to the balance due on the judgment. They include waste and deterioration of the property by the defendant life tenant or the persons in possession claiming through him as well as abandonment of the premises by the persons purportedly in possession thereof. It also appears that the defendant Bertie Stone was not a resident of the State. (*Chicago Title and Trust v. Johnson*, 268 Ill. App. 184.) Failure of appellants' motion to negate the other grounds supporting the appointment of the Receiver which are disclosed by the pleadings furnishes an additional basis for concluding that appellants' motion is insufficient.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.