FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellant, *v.* NATIONAL BOULEVARD BANK OF CHICAGO, Trustee, *et al.*, Defendants.—(NATIONAL BOULEVARD BANK OF CHICAGO, Trustee, *et al.*, Defendants-Appellees.)

First District (4th Division)    Nos. 81-1531, 81-1582 cons.

Opinion filed March 11, 1982.

McDermott, Will & Emery, of Chicago (Robert T. Palmer, of counsel), for appellant.

Robert H. Hirsch, of Chicago, for appellees.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, First Federal Savings and Loan Association, filed a complaint in chancery to foreclose a mortgage on certain property that was in the process of being constructed, alleging that defendants were in default in certain specified respects. Defendants answered, denying they were in default, and raised certain affirmative defenses including breach of a fiduciary obligation, breach of contract, unclean hands and fraud. Plaintiffs filed no reply to the affirmative defenses but instead moved to be put in possession of the premises. At the hearing on the motion, the trial court, after hearing evidence, found "with regard to the pending motion only" that the defendants were in default with regard to the mortgages. The trial court, however, refused to put the mortgagee in possession. Instead, on defendants' motion, it appointed a receiver, setting the receiver's bond at $20,000 and defendants' bond at $10,000. The plaintiff appeals, contending (1) the trial court erred in refusing to put it in possession; (2) the trial court erred in appointing a receiver; (3) the bonds are insufficient. We find no error and affirm.

Plaintiff, relying on *Bliesener v. Baird & Warner, Inc.* (1967), 88 Ill. App. 2d 383, 232 N.E.2d 13; *Lawn Savings & Loan Association v. Quinn* (1967), 81 Ill. App. 2d 304, 225 N.E.2d 683; *Wiemer v. Havana National Bank* (1978), 67 Ill. App. 3d 882, 385 N.E.2d 340, *appeal denied* (1979), 75 Ill. 2d 595, section 5 of "An Act in relation to the right of mortgagees * * *" (Ill. Rev. Stat. 1979, ch. 95, par. 22b.55) argues that it had an unassailable right to enter upon and take exclusive possession particularly in light of the provision in the mortgage permitting such possession. None of these authorities support plaintiff's contention. In *Bliesener* and *Lawn* the issue was whether a mortgagee seeking foreclosure because the mortgagor was in default could interfere with the lease of the property by the mortgagor or eject the tenant. In neither case was there any dispute that the mortgagor was in default nor were any affirmative defenses raised. In the present case, on the other hand, not only have affirmative defenses been raised but since the plaintiff filed no reply they stand admitted. (Ill. Rev. Stat. 1979, ch. 110, par. 40; *Union Drainage District Number One v. Purdy* (1976), 39 Ill. App. 3d 862, 350 N.E.2d 865; 30 Ill. L. & Prac. *Pleading* §82 (1957).) In *Wiemer*, the plaintiff was suing the bank for depriving her of the use of the premises. The court held she was not entitled to damages for loss of possession since the trust agreement expressly granted possession of the entire property to defendant and her continued residence was by defendant's sufferance and not by claim of right; in addition, as the court pointed out, even if she were entitled to possession under the trust deed, her possessory right would terminate if

she defaulted on the debt or otherwise breached the trust agreement. Since plaintiff failed to show that she was not in default or that she was otherwise entitled to occupy the premises, she could not recover damages.

■▌ Section 5 of "An Act in relation to the rights of mortgagees * * *" provides the trial court may place the mortgagee in possession if satisfied there is a reasonable probability that plaintiff in the foreclosure proceedings will prevail on final hearing of the cause. Since as already noted the plaintiff has admitted the truth of defendants' affirmative defenses and has not contested the sufficiency of these defenses, there is no probability, at present, that plaintiff will prevail on final hearing. Accordingly, under section 5 it would have been improper for the trial court to have placed plaintiff in possession. Nor can we agree that the provision in the mortgage purporting to entitle plaintiff to possession upon default can be considered to entitle plaintiff to possession where plaintiff has admitted the truth of affirmative defenses raised in the foreclosure action. In any event, it is established that a receiver will be appointed by the court where it is in the best interests of all parties, even when contrary to the provisions of the contract. (*Firebaugh v. Seegren* (1933), 269 Ill. App. 47.) Here the trial court properly determined that it was in the best interests of all the parties that a receiver be appointed to protect the security of the property and manage it.

Plaintiff's contentions that the appointment of the receiver was improper because (1) defendants failed to show a likelihood of success on the merits; and (2) the appointment was contrary to the purpose of receivership and the bonds were insufficient are also without merit. As already discussed, under the present state of the pleadings, there is more than a likelihood that defendants will succeed on the merits since plaintiff has admitted the truth of the affirmative defenses.

■▌ The principal purpose of appointing a receiver is to protect and preserve the property for the benefit of all and to secure the property so that it may be subjected to such order or decree as the court may make. (*People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 277 N.E.2d 844; 31 Ill. L. & Prac. *Receivers* §7 (1957).) Plaintiff does not deny that the property needed to be secured. Rather plaintiff's basic contention is that the court could have put plaintiff in possession to supply security. But, as this court has already ruled, the trial court did not err in refusing to place plaintiff in possession.

■▌ Plaintiff further contends that defendants improperly sought receivership as a primary rather than an ancillary remedy to obtain the use of receiver certificates to obtain funds to complete the construction of the buildings and that in fact the receiver was not authorized by the trial court's order to issue certificates. It is true that receivership is only an

ancillary remedy. (*Stone v. Stone* (1971), 1 Ill. App. 3d 806, 275 N.E.2d 205.) Here the receivership is ancillary to the foreclosure proceedings. Since the court was justified in appointing a receiver to secure the property, and since there has been no evidence that the receiver has issued certificates, this court will not rule on the question whether the trial court's order was sufficient to permit the issuance of receiver certificates.

■■ Finally, plaintiff contends that the trial court abused its discretion in appointing a receiver because bonds set for the receiver and defendants are inadequate. Plaintiff does not seek to have the bonds increased; rather, plaintiff only seeks to have appointment overturned. Nor does plaintiff suggest what the bonds should be. It was ruled in *Hubbartt v. Frank* (1976), 36 Ill. App. 3d 529, 344 N.E.2d 496, that while it is error to appoint a receiver without requiring a bond from the moving party or formally finding that no bond should be required, where proper grounds exist for the appointment of a receiver *pendente lite*, the failure to comply with these requirements would not render void the entire order appointing the receiver. Still less would the setting of an arguably insufficient bond render the order appointing the receiver void or voidable.

The appointment of a receiver is within the sound judicial discretion of the trial court. (*People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 277 N.E.2d 844; *People ex rel. Scott v. Silverstein* (1980), 86 Ill. App. 3d 605, 408 N.E.2d 243.) The plaintiff has not carried its burden of showing the trial court abused its discretion in appointing the receiver.

Judgment affirmed.

JOHNSON, P. J., and JIGANTI, J., concur.