THE TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee, v. LA SALLE NATIONAL BANK, as Trustee, *et al.*, Defendants-Appellants.

Second District   No. 2—89—1286

Opinion filed July 24, 1990.

Eugene A. DiMonte, of DiMonte & Lizak, of Park Ridge, for appellants.

D. Kendall Griffith, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendants, La Salle National Bank as trustee under a land trust agreement, Flodstrom Family Partnership, the trust beneficiary, and Sven Flodstrom and Majken Flodstrom, appeal from the trial court's order denying defendants' motion to reconsider the court's previous order placing plaintiff, Travelers Insurance Company, as mortgagee in possession of defendants' property. On appeal, defendants contend that they have established good cause why they should remain in possession and the trial court's order placing plaintiff in possession disregarded the statutory requirements of section 15—1701(b) of the Illinois Mortgage Foreclosure Law (the Act) (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701(b)). We reject defendants' interpretation of the Act and affirm the order of the trial court.

On April 1, 1986, defendant La Salle National Bank executed a mortgage in favor of plaintiff to secure a promissory note for

$15,500,000. The mortgaged property was improved real estate located in Lake County and held in trust by La Salle for the benefit of defendant Flodstrom Family Partnership. At the times relevant to the instant matter, the office building on the property was at least partially occupied by commercial tenants and generated an approximate monthly rental income of $150,000 according to an affidavit filed by defendants. Defendants allege that Sven Flodstrom and Majken Flodstrom are general partners in Flodstrom Family Partnership, but this fact does not appear in the record. Additionally, it is apparent that either the partnership or the Flodstroms or a combination of these parties operated and managed the commercial office building located on the mortgaged premises.

The note matured on April 30, 1989, and on August 18, 1989, plaintiff filed a complaint in foreclosure, in which it alleged that the mortgage was in default. Thereafter, counsel for plaintiff and defendants executed a stipulation in which they agreed to open a joint checking account. Defendants agreed to deposit all rents produced by the mortgaged property into the account and to submit to plaintiff a monthly schedule identifying proceeds and operating expenses. Plaintiff agreed to review the schedule, designate the expenses it approved and draw a check sufficient to cover each month's expenses. The net proceeds were to be paid to plaintiff monthly. Paragraph 10 of the parties' stipulation provided that none of the parties waived any of their rights, including plaintiff's right to be made a mortgagee in possession. The trial court approved the stipulation and entered an agreed order incorporating its terms.

Plaintiff subsequently filed a motion to be placed as mortgagee in possession of the mortgaged premises pursuant to section 15—1701 of the Act (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701). Plaintiff alleged that the mortgage instrument in question, which it had previously attached to its foreclosure complaint, expressly authorized plaintiff to take possession. Plaintiff further alleged that there existed a probability that it would prevail on its foreclosure complaint. Along with its motion for possession, plaintiff submitted a summary judgment motion and a supporting affidavit which verified the allegations contained in its complaint and also indicated that defendants owed $15,992,782.17 in unpaid principal and interest as of October 6, 1989.

Defendants objected to plaintiff's motion for possession and denied the accuracy of plaintiff's figures. Defendants asserted that they had equitable defenses to plaintiff's foreclosure complaint and claimed that they had been lulled into believing plaintiff would extend the due date on the note. Defendants further asserted that the motion for pos-

session failed to allege any "equitable grounds or detrimental prejudice" which would entitle plaintiff to possession and that the parties' stipulation adequately protected plaintiff's interest. Defendants concluded that plaintiff was estopped from pursuing possession of the mortgaged premises.

Shortly after filing their objections, defendants answered the complaint and denied that plaintiff was entitled to foreclosure because defendants were not in default. In support of this claim, defendants contended that plaintiff had failed to credit to their account certain letters of credit and monetary reserves. By way of affirmative defenses, defendants alleged that plaintiff unreasonably had withheld its approval of certain new leases and had approved of other leases with improper rental abatement provisions, thus breaching certain fiduciary obligations to defendants and attempting to foreclose on defendants with unclean hands. Additionally, defendants reiterated their previously asserted estoppel claim.

The trial court granted plaintiff's motion for possession, and defendants timely moved for reconsideration; in the alternative, defendants requested the trial court to clarify its order and to stay the order pending appeal. Following lengthy oral argument by the parties' counsel, the trial court denied defendants' motion to vacate and the motion to stay. In clarification of its earlier order, the trial court stated that it found plaintiff entitled to possession of the premises pursuant to the mortgage documents. The trial court also stated that it was satisfied there was a reasonable probability that plaintiff would prevail on the merits of the foreclosure complaint based on the information contained in plaintiff's affidavit.

The court further clarified its order granting plaintiff possession as follows:

"[T]he defendants['] reliance upon the stipulation and agreed order *** in attempt to show good cause why mortgagor shall remain in possession is misplaced, as said stipulation and order do not preclude plaintiff from seeking possession (order at paragraph 10), nor can defendants rely upon their unverified answer and affirmative defenses, as the denials in said answer go only to the amount of interest and the affirmative defenses are conclusory, do not overcome the plaintiffs [sic] affidavit and with regard to the estoppel argument, [do] not set forth all of the necessary elements."

Defendants' timely appeal of this interlocutory order ensued. See 107 Ill. 2d R. 307(a)(4).

The sole issue on appeal is whether defendants demonstrated

good cause pursuant to section 15—1701(b)(2) of the Act, thus precluding the trial court from placing plaintiff as mortgagee in possession. We believe this matter presents a case of first impression in Illinois.

The Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1987, pars. 15—1101 through 15—1706), which became effective July 1, 1987, represents the legislature's attempt "to integrate into one single legislative enactment the numerous foreclosure provisions previously covered by separate statutes and various articles of the Code of Civil Procedure." (F. Bernard & G. Thorpe, *Recent Illinois Mortgage Law Changes Affecting Commercial Mortgage Lending*, 76 Ill. B.J. 606, 606 (1988).) Section 15—1701 of the Act specifically pertains to the right to possession during foreclosure (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701), a subject which was previously addressed as the right of "possession of realty after default" (see Ill. Rev. Stat. 1985, ch. 110, par. 15—301 *et seq.*; Ill. Rev. Stat. 1979, ch. 95, par. 22b.51 *et seq.*).

Section 15—1701(b)(2) of the Act provides that in foreclosure matters concerning other than residential real estate, a mortgagee is entitled to be placed in possession of the property prior to the entry of a judgment of foreclosure upon request, provided that the mortgagee shows: (1) that the mortgage documents authorize such possession; and (2) that "there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause." (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701(b)(2).) In order to retain possession of such nonresidential real estate, a mortgagor must object to the mortgagee's request and demonstrate "good cause." Ill. Rev. Stat. 1987, ch. 110, par. 15—1701(b)(2).

By contrast, section 15—1701(b)(1) provides the *mortgagor* of residential real estate with undisturbed possession absent the *mortgagee's* objection and showing of good cause. (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701(b)(1).) Our research has failed to reveal case law interpreting and applying these two sections, but their difference is clear: the presumptive right to possession during foreclosure lies with the mortgagor of residential real estate and with the mortgagee of nonresidential real estate.

In the instant cause, defendants are the mortgagors of nonresidential real estate; thus, they are obliged to overcome the statutory presumption in favor of plaintiff, the mortgagee, if they are to retain possession of the mortgaged premises. The trial court found that defendants had failed to sustain their burden in this regard. We agree.

■ Defendants contend that they demonstrated the statutorily required good cause before the trial court because plaintiff failed to allege that defendants had committed any fraud, mismanagement, waste or other dissipation of the mortgaged real estate. This contention is nothing more than defendants' attempt to shift the burden of making a good cause showing onto plaintiff. Defendants appear to be confusing section 15—1701(b)(2) with section 15—1701(b)(1), which does expressly require the mortgagee of residential real estate to show good cause in order to overcome the residential mortgagor's presumptive right to possession. As we have already noted, section 15—1701(b)(2) does not afford the nonresidential mortgagor this protection. Thus, we determine that the instant plaintiff, a nonresidential mortgagee, had no obligation to allege misdeeds or omissions on the part of the mortgagors in order to be placed in possession.

■ Defendants further contend that the parties' stipulation afforded adequate protection to plaintiff's interest in the mortgaged premises. Additionally, defendants allege that they were living up to their end of the bargain by abiding by the terms of this stipulation. These factors, defendants maintain, constitute good cause entitling them to retain possession of the property. These assertions are unavailing for several reasons, the first and most significant being the undisputed fact that the stipulation and the agreed order which incorporated its terms expressly stated:

"Nothing herein *** shall constitute a waiver of any rights by any of the parties, including, without limitation, Travelers' right to proceed with foreclosure of the Property, its right to seek the appointment of a receiver or to be made a mortgagee in possession."

Additionally, whether the mortgagee is "adequately protected" is not a relevant consideration under the statute. Section 15—1701(b)(2) does not limit a mortgagee's right to possession in such a manner. Likewise, the fact that defendants were abiding by the terms of an agreement to which they had voluntarily submitted is of no consequence.

On a different tack, defendants assert that the trial court erroneously concluded that plaintiff had a reasonable probability of prevailing on its foreclosure complaint. Defendants rely upon the denials contained in their answer and their numerous affirmative defenses. In this regard defendants cite *First Federal Savings & Loan Association v. National Boulevard Bank* (1982), 104 Ill. App. 3d 1061. In *First Federal*, the mortgagee sought to foreclose on the defendants' property. The defendants filed answers and affirmative defenses, in-

cluding breach of contract and fiduciary obligations, fraud and unclean hands. The mortgagee did not reply to these defenses but sought possession.

On appeal, the appellate court affirmed the trial court's judgment, reasoning that, since the mortgagee had failed to reply to the defendants' affirmative defenses and had not challenged their sufficiency, the defenses stood admitted. Thus, the mortgagee had failed to show that there existed a probability it would prevail in a final hearing on its foreclosure complaint, and such a showing was a statutory requirement to support its application for possession (see Ill. Rev. Stat. 1979, ch. 95, par. 22b.55). *First Federal*, 104 Ill. App. 3d at 1063.

■■ In the instant matter, at the time defendants filed their brief with this court, plaintiff had not yet responded to defendants' affirmative defenses. Thus, defendants contend that their defenses must be deemed admitted. We note, however, that plaintiff sought and received leave to file its reply with the trial court one week later. Both sides accuse the other of failing to comply with various sections of the Code of Civil Procedure with regard to the filing of defendants' answer and affirmative defenses and plaintiff's reply. Without denigrating the importance of such compliance, we decline to address these subsidiary arguments because they are not material to the issue at hand.

Defendants' several affirmative defenses include: plaintiff had an obligation to timely approve new leases and improperly withheld such approval to defendants' damage and in breach of certain unspecified fiduciary obligations of plaintiff; plaintiff lulled defendant into a false belief that it would extend the due date on the note and is now estopped from foreclosing on defendant; plaintiff withheld certain unspecified monetary reserves which should have been credited to defendants' account; and plaintiff approved certain unspecified tenant leases which contained improper rental abatement provisions. In response to defendants' contention that these affirmative defenses must be admitted, we can only observe that the trial court already fully and concisely addressed these defenses and found them wanting. At the risk of redundancy, we again set forth the trial court's findings in this regard:

> "[N]or can defendants rely upon their unverified answer and affirmative defenses, as the denials in said answer go only to the amount of interest and the affirmative defenses are conclusory, do not overcome the plaintiffs [*sic*] affidavit and with regard to the estoppel argument, [do] not set forth all the necessary elements."

We concur in the trial court's assessment.

In conclusion, we determine that plaintiff, the mortgagee of nonresidential real estate, duly satisfied the two statutory requirements entitling it to be placed in possession of the mortgaged premises: (1) plaintiff submitted to the trial court a copy of the mortgage which authorized such possession; and (2) plaintiff's foreclosure complaint and affidavit satisfied the trial court that there is a reasonable probability that plaintiff will prevail on its foreclosure complaint. We further determine that defendants failed to demonstrate good cause and overcome the statutory presumption in favor of plaintiff to possession of the mortgaged premises.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

REINHARD and INGLIS, JJ., concur.