**HOME LIFE INSURANCE COMPANY,
a New York corporation, Plaintiff,**

v.

**AMERICAN NATIONAL BANK AND
TRUST COMPANY, as Trustee under a
Trust Agreement dated June 20, 1980
and known as Trust No. 49971, and 300
Michigan Associates Limited Partnership, an Illinois Limited Partnership,
Defendants.**

**No. 91 C 4979.**

United States District Court,
N.D. Illinois, E.D.

Oct. 23, 1991.

---

Heidi A. Gerstman, Hopkins & Sutter, P.C., Chicago, Ill., for plaintiff.

John T. Schriver, McDermott, Will & Emery, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ILANA DIAMOND ROVNER, District Judge.

## I. INTRODUCTION

Plaintiff Home Life Insurance Company ("Home Life") has filed a complaint for foreclosure relating to property located at 300 North Michigan Avenue in Chicago, Illinois. Plaintiff alleges that defendants American National Bank and Trust Company ("American National") and 300 Michigan Associates Limited Partnership have defaulted on a Mortgage and Security Agreement and the Mortgage Note secured thereby. Plaintiff now has moved for the appointment of a receiver for the property. The Court will grant plaintiff's motion.

## II. ANALYSIS

■■■ As authority for its request for the appointment of a receiver, plaintiff relies upon ¶ 15–1701(b)(2) of the Illinois Mortgage Foreclosure Law ("IMFL"), Ill. Rev.Stat. ch. 110, ¶¶ 15–1101 through 15–1706. That statute provides that in cases involving nonresidential real property,

> ... if (i) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the mortgagee shall upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession.

Ill.Rev.Stat. ch. 110, ¶ 15–1701(b)(2). Moreover, ¶ 15–1702(a) of the IMFL provides that "[w]henever a mortgagee entitled to possession so requests, the court *shall* appoint a receiver." (emphasis added.) Thus, the IMFL creates a presumption in favor of the mortgagee's right to possession of nonresidential real property during the pendency of a mortgage foreclosure proceeding. *See Travelers Insurance Co. v. LaSalle National Bank,* 200 Ill.App.3d 139, 146 Ill.Dec. 616, 618, 558 N.E.2d 579, 581 (2d Dist.1990); *see also Resolution Trust Corp. v. American National Bank,* 1991 WL 128683, *1, 1991 U.S.Dist. LEXIS 9481, *2 (N.D.Ill. July 11, 1991) (Conlon, J.); *Federal Home Loan Mortgage Corp. v. Dearborn Street Building Associates, Ltd.,* 1991 WL 18431, *3, 1991 U.S.Dist. LEXIS 1286, *8 (N.D.Ill. Feb. 6, 1991) (Gottschall, U.S.Mag.). To obtain possession of such property, the mortgagee is not required either to allege or to prove "misdeeds or omissions on the part of the mortgagors." *Travelers Insurance Co.,* 146 Ill. Dec. at 619, 558 N.E.2d at 582.

Plaintiff contends that the appointment of a receiver is authorized by the terms of the mortgage in this case. Paragraph 2.03(a) of the Mortgage and Security Agreement provides that in the event of a default and upon the demand of the mortgagee, the mortgagor is required to surrender possession of the property to the mortgagee. (Complaint, Ex. A ¶ 2.03.) In addition, pursuant to ¶ 2.05 of the Mortgage and Security Agreement, Home Life also is entitled to the appointment of a receiver "to take possession of and to operate the Mortgaged Property and to collect and apply the rents, issues, profits and revenues thereof." (*Id.* ¶ 2.05.) Thus, plaintiff has satisfied the first requirement for appointment of a receiver under ¶ 15–1701(b)(2) of the IMFL, in that it is authorized by the terms of the mortgage to take possession of the property in the event of a default.

■■■ Plaintiff also has shown that there is a reasonable probability that it will prevail on a final hearing in this case. Plaintiff has established, and in fact defendants admit, that they have failed to pay the monthly installments of interest, late charges, and real estate tax escrow payments due under the terms of the mortgage on and after June 1, 1991. (Aff. of Dawn Robertson ¶ 2; Answer at 6.) This is sufficient to establish a reasonable probability of prevailing under ¶ 15–1701(b)(2). *See Federal Home Loan Mortgage Corp.,* 1991 WL 18431, at *3, 1991 U.S.Dist. LEXIS 1286, at *9. Having satisfied the conditions for the appointment of a receiver pursuant to the IMFL, plaintiff is afforded the benefit of that statute's presumption in

favor of such an appointment. Unless defendants can show "good cause" why their right to possession should not be disturbed, plaintiff's motion for appointment of a receiver must be granted.

Defendants have objected to plaintiff's motion, insisting that there is good cause to keep them in possession of the premises. The Illinois courts have not precisely defined the meaning of "good cause" under ¶ 15–1701(b)(2) (*see Resolution Trust Corp.*, 1991 WL 128683, at *2, 1991 U.S.Dist. LEXIS 9481, at *3), and as a result, defendants submit a number of alleged grounds for "good cause" in this case. First, defendants maintain that there is no more qualified manager for the 300 North Michigan Avenue property than the current manager—U.S. Equities Realty, Inc. ("U.S. Equities"). (Aff. of Robert A. Wislow ¶ 8.) Even assuming that such is the case, however, the qualifications of current property management are not an important consideration under the IMFL when the property is in default. Plaintiff is not required to show that the current manager is unqualified or that it is guilty of some misdeed in order to obtain the appointment of a receiver. Such a requirement would be tantamount to shifting the burden of showing good cause onto the mortgagee. *Travelers Insurance Co.*, 146 Ill.Dec. at 619, 558 N.E.2d at 582. It is the mortgagor's burden under the statute to establish that it should remain in possession of the premises, not the mortgagee's burden to show good cause for the appointment of a receiver. The fact that U.S. Equities may be a qualified and experienced property manager does not establish "good cause" where plaintiff has made a showing that the property is in default.

Next, defendants suggest that sensitive negotiations with a prospective tenant for a portion of the property would be jeopardized by the appointment of a receiver. Specifically, defendants represent that U.S. Equities currently is in nego-

tiations with an educational institution and that those negotiations may lead to an equity investment and a commitment for space in the building. (Wislow Aff. ¶ 6.) Defendants contend that if a receiver is appointed, "there is a substantial likelihood that the on-going negotiations with the educational institution will terminate" because the price that the institution would be willing to pay "will be substantially reduced in a foreclosure context." (*Id.* at ¶ 9.)[1] The alleged possibility of threatened lease negotiations is insufficient to overcome the statutory presumption in favor of the appointment of a receiver. Defendants have produced no evidence to support their assertion that appointment of a receiver would jeopardize pending negotiations. Moreover, the Court agrees with plaintiff that the acceptance of defendants' argument of pending lease negotiations would make it extremely difficult for a mortgagee ever to obtain appointment of a receiver because such an assertion could be made in every case. There similarly has been no showing that plaintiff's designated receiver, Rubloff, Inc. ("Rubloff"), would not adequately manage the property and conduct existing and future lease negotiations on behalf of the property. The mere possibility of existing lease negotiations does not overcome the statutory presumption in favor of the appointment of a receiver. *See Travelers Insurance Co. v. 100 LaSalle Associates*, 1990 WL 156523, *2, 1990 U.S.Dist. LEXIS 13308, *7–8 (N.D.Ill. Oct. 9, 1990) (Plunkett, J.) (bald assertion that efforts to sell the property would be threatened by appointment of a receiver "is not good cause for the retention of possession in the face of the IMFL's presumption that the mortgagee of non-residential real estate shall be placed in possession" of the property).

Finally, defendants contend that because they have made objection to plaintiff's motion, they are entitled to an evidentiary hearing pursuant to ¶ 15–1706(c) of the IMFL, Ill.Rev.Stat. ch. 110, ¶ 15–1706(c). In particular, defendants contend that a

---

**1.** Wislow goes on to state that "[m]y experience as well as industry practice has taught me that third-party purchasers of commercial property will wait until a foreclosure sale rather than commit their funds through arms-length negotiation. I do anticipate that the pending negotiations will be concluded within the next four (4) weeks." (*Id.*)

hearing is necessary on the following issues: (a) whether plaintiff needs a receiver for this property; (b) whether the proposed receiver is qualified to manage the property; (c) the fees to be charged by the receiver and whether those fees are reasonable; (d) whether an appointed receiver should be required to post a bond; and (e) whether the mortgagor and its agent are qualified to remain in possession of the property. (Defendants' Mem. at 2.) The Court does not agree that a further evidentiary hearing is required in this case. Such a hearing would only serve to delay the inevitable resolution of plaintiff's motion.

■ The statutory provision relied on by defendants to establish their right to a hearing, ¶ 15–1706(c), provides as follows:

After reasonable notice has been given to all other parties, the court shall promptly hold a hearing and promptly rule on a request that a mortgagee be placed in possession or that a receiver be appointed, except that, if no objection to the request is made prior to the time specified for the hearing, the court shall rule without a hearing.

Ill.Rev.Stat. ch. 110, ¶ 15–1706(c). This provision does not require a further evidentiary hearing in this case. Plaintiff filed its motion for appointment of a receiver on September 16, 1991, and the Court conducted a hearing on that motion on September 19, 1991. At that hearing, defendants objected to the appointment of a receiver and sought the opportunity to show good cause why they should remain in possession of the property. Therefore, the Court set a briefing schedule on plaintiff's motion to provide defendants that opportunity. The Court has concluded above that defendants failed to establish good cause either in the September 19 hearing or in their brief before this Court. A further hearing would not alter this determination.

■ In particular, the Court concludes that a hearing is not required with respect to any of the five issues delineated by defendants above. First, plaintiff's need for a receiver is not a relevant consideration under the IMFL. A hearing, therefore, is not required on this issue. Similarly, the Court previously has determined that any exemplary qualifications of defendants and their agent U.S. Equities are insufficient to establish good cause. As to the qualifications of the proposed receiver and the fees that it will charge, defendants have not established their need for a hearing on these issues. Defendants have not suggested that Rubloff is unqualified to manage the property or that its fees will be excessive. Pursuant to ¶ –1702(b) of the IMFL, the mortgagee is entitled to designate the receiver to be appointed, and the Court should reject that designation only when the mortgagor objects to the designation and shows good cause, or if the Court itself does not approve of the designee. The Court has no objection to the appointment of Rubloff, and defendants have not shown good cause why Rubloff should not be appointed in this case. Thus, there is no need for a hearing on Rubloff's qualifications or the fees that it will charge.

■ Finally, defendants contend that a hearing is required on the issue of whether the receiver should post a bond. No hearing is required on this issue, however, because plaintiff makes no objection to the posting of a bond. (Plaintiff's Reply Mem. at 5.) Therefore, the Court concludes that a bond would be appropriate in this case. Accordingly, plaintiff's receiver will be required to post a bond pursuant to ¶ 15–1705(b) of the IMFL, Ill.Rev.Stat. ch. 110, ¶ 15–1705(b), and ¶ 2–415(a) of the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110, ¶ 2–415(a). Once such a bond is posted and approved by the Court, an order will enter appointing Rubloff as receiver.

## III. CONCLUSION

For the reasons set forth above, plaintiff's motion for the appointment of a receiver is granted. Once plaintiff posts an appropriate bond and that bond is approved by the Court, the Court will appoint Rubloff, Inc. as the receiver of the 300 North Michigan Avenue property.